BOETTNER v STATE FARM MUTUAL INSURANCE COMPANY

1. Insurance—Automobiles—Liability Insurance—Other Insurance Clause.

   A clause in an automobile liability insurance policy limiting recovery under "other insurance" for an insured injured "while occupying an automobile not owned by a named insured" does not apply to either of two persons, both named insureds on the same policy, injured while riding in an automobile owned by one of them.

2. Insurance—Other Insurance Limitation—Statutes.

   To permit an insurance company offering statutorily-required coverage to collect premiums for it with one hand and allow it to take coverage away with the other by using a self-devised "other insurance" limitation would be unconscionable.

3. Insurance—Automobiles—Liability Insurance—Uninsured Motorists—Statutes.

   A statute requiring every automobile liability insurance policy to offer uninsured motorist coverage commands coverage for all motor vehicles and such coverage is not limited to an injury suffered by the insured while occupying the insured motor vehicle; all clauses in the policy inconsistent with the controlling statutory language must be judicially rejected (MCLA 500.3010).

Appeal from Court of Appeals, Division 1, Lesinski, C. J., and V. J. Brennan and Danhof, JJ., reversing Wayne, Thomas J. Foley, J. Submitted May 2, 1972. (No. 5 May Term 1972, Docket No. 53,628.) Decided October 31, 1972.

34 Mich App 510 affirmed.

References for Points in Headnotes
[1, 2] 7 Am Jur 2d, Automobile Insurance § 200 *et seq.*
[2] 7 Am Jur 2d, Automobile Insurance §§ 4–10.
[3] 7 Am Jur 2d, Automobile Insurance §§ 135–138.

Complaint by Beverly Boettner, administratrix of the estates of Emza I. Prochaska and Donald R. Prochaska, against State Farm Mutual Insurance Company for a declaratory judgment determining defendant's liability for uninsured motorists coverage. Judgment for defendant. Plaintiff appealed to the Court of Appeals. Reversed and remanded. Defendant appeals. Affirmed.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P. C.,* for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber,* for defendant.

WILLIAMS, J. The major issues in this case are basically similar to those in *Blakeslee v Farm Bureau Mutual Ins Co,* 388 Mich 464 (1972). However, in addition to an "other insurance" clause, an "exclusions" clause is involved here. Also both policies are with the same insurance company. The two issues are:

I. Does the specific language of the (A) "other insurance" limitation against recovery on other insurance policies as well as the primary policy or (B) the separate fall-back "exclusions" clause from recovery on other policies in the uninsured motorist coverage apply to the facts of the instant case?

II. If so, does 1965 PA 388; MCLA 500.3010; MSA 24.13010 invalidate such "other insurance" and/or separate "exclusions" limitations? Specifically, can the estates of the insured decedent husband and wife (both covered under his policy), who are injured in an accident through the fault of an uninsured motorist,

combine recoveries (*i.e.* stack or pyramid) from both policies issued by the same insurance company which covered both the insured's car which was involved in the accident as well as a second vehicle owned by the insured covered by another identical policy, but not involved in the accident, in excess of the limitation provisions?

On November 27, 1968, Mr. Donald Prochaska and his wife were involved in a fatal automobile accident with an uninsured motorist in the State of Ohio. The decedent insureds owned two vehicles which were each insured under a separate but identical State Farm Insurance policy with uninsured motorist coverage in the amount of $10,000/ $20,000. The decedents paid two separate, independent premiums and were issued two certificates of insurance. At the time of the accident, the decedent insureds were occupying one of their two vehicles insured by State Farm.

The estates of the decedents first instituted suit against defendant State Farm on the basis of the policy covering the vehicle involved in the accident. State Farm conceded coverage in the potential amount of $10,000 to each estate. The estates, however, made a further claim under the policy of insurance covering the other vehicle of decedent's which was not involved in the accident. State Farm denied the existence of this additional coverage relying on the "exclusions" and the "other insurance" provisions of the second policy.

The estates initiated a declaratory action in Wayne Circuit Court to have the coverage issue on the second policy determined. The Honorable Thomas J. Foley entered a declaratory judgment determining that additional coverage was not owed by State Farm under the second policy of insur-

ance. The Court of Appeals reversed, relying on their decision in *Blakeslee,* 32 Mich App 115 (1971) finding that the "other insurance" provision and the "exclusions" clause violated the policy of MCLA 500.3010. 34 Mich App 512.

## I.

A. "Other Insurance"

The language of the second policy provides in pertinent part as follows:

"Other Insurance: * * * *while occupying an automobile not owned by a named insured,* the insurance * * * shall apply only as excess insurance over any other similar insurance available to such occupant * * * ." (Emphasis added.)

The above clause is not applicable in our case. In our factual situation we have two named insureds (both husband and wife under the policy qualify as named insureds) *occupying an "automobile owned by a named insured* under this coverage * * * ",* i.e.,* Donald Prochaska.

Interpreting the identical clause in a similar fact situation, the Illinois Appellate Court in *Deterding v State Farm Mutual Automobile Insurance Co,* 78 Ill App 2d 29, 35; 222 NE2d 523, 526–527 (1966), home state of State Farm, stated:

"Here the exclusion obviously applies to an 'insured while occupying an automobile not owned by a named insured.' Such is not the case before us. The named insured *did own the automobile involved in the accident.* He was occupying an automobile owned by him as named insured. The exclusion applies only if bodily injury occurred while the insured was occupying an automobile not owned by a named insured under this coverage." (Emphasis in original.)

B. "Exclusions" Clause.

The policy language as to the separate fall-back "exclusions" clause is complex* but appears to apply to our facts. Briefly stated and translated to the facts of this case, there was recovery on policy number one on its car number one in which the injury occurred. Policy number two on car two provides that the uninsured motorist protection afforded in policy number two will not apply to the insured if the "owned" vehicle related to the insured's injuries (car one) is not the "insured"

---

* "INSURING AGREEMENT III—
"UNINSURED AUTOMOBILE COVERAGE
EXCLUSIONS—INSURING AGREEMENT III
"Insuring Agreement III *does not apply:*

"(b) to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, *if* such vehicle is *not an 'insured automobile';*

"DEFINITIONS—INSURING AGREEMENT III
"The definitions of 'Automobile, Owned Automobile, Temporary Substitute Automobile, Bodily Injury and Occupying' under Insuring Agreements I and II apply to Insuring Agreement III.

*"Insured Automobile—means*

"(1) *an owned automobile,* provided the use thereof is by such first named insured or spouse or any other person to whom such first named insured or spouse has given permission to use such automobile, if the use is within the scope of such permission, or

"(2) an automobile not owned by the named insured or any resident of the same household, other than a temporary substitute automobile, while being operated by such first named insured or spouse,

"but the term 'insured automobile' shall not include any automobile while being used as a public or livery conveyance, or any automobile while being used without the permission of the owner.

"DEFINITIONS—INSURING AGREEMENTS I and II
*"Owned Automobile—means the motor vehicle or trailer described in the declarations,* and includes a temporary substitute automobile, a newly acquired automobile, and, provided the described automobile is not classified as 'commercial', under coverages A, B, C and M, a trailer owned by the named insured or his spouse, if a resident of the same household. Under coverages F and G, 'owned automobile' also includes, while such property is in or upon such automobile, wearing apparel and luggage owned by the first person named in the declarations, or, while residents of his household, his spouse and the relatives of either." (Emphasis added except for "Insured Automobile" under "Definitions—Insuring Agreement III" and "Owned Automobile" last paragraph.)

automobile as defined under the policy number two. An "insured" automobile is an "owned automobile * * * described in the declarations" of the policy. Application of this provision in the case at bar gives this result. Vehicle number one was the accident-involved "owned" vehicle. However, vehicle number one is not described in the declarations of the policy covering vehicle number two from which the estate wishes to extract coverage, and therefore, the uninsured motorist protection under policy two cannot be extended to the insured while occupying or using car number one.

## II.

We are left with the question of whether MCLA 500.3010 operates to void the "exclusions" clause. As was resolved in Part I, the "other insurance" clause did not apply to our facts. Given this Court's decision in *Blakeslee,* even if the "other insurance" clause did apply here, it would be struck down as being contrary to MCLA 500.3010. Should the *Blakeslee* rationale be extended to void "exclusions" clauses also? We hold the answer is yes.

The purpose of the "other insurance" clause and the "exclusions" clause is the same. That is the clauses are an attempted means to avoid the statutory obligation of providing uninsured motorist coverage. As we said in *Blakeslee,* "The language of the statute is plain, unambiguous and *mandatory.* It unequivocally requires that '[no] * * * policy * * * be delivered * * * unless coverage is provided therein'. * * * It would be unconscionable to permit an insurance company offering statutorily-required coverage to collect premiums for it with one hand and allow it to take the coverage

away with the other by using a self-devised 'other insurance' limitation." 388 Mich 473–474 (1972). The statute commands coverage for all motor vehicles and such coverage is not limited to an injury suffered by the insured while occupying that motor vehicle.

As was stated by the Court in *Sellers v United States Fidelity & Guaranty Co,* 185 So 2d 689, 690 (Fla, 1966):

"If the statute is to be meaningful and controlling in respect to the nature and extent of the coverage and to the sources of recovery and subrogation of the insurer, *all inconsistent clauses in the policy to the controlling statutory language * * * must be judicially rejected."* (Emphasis added.)

We follow our decision in *Blakeslee* and affirm the decision of the Court of Appeals with all costs going to the plaintiff.

T. M. KAVANAGH, C. J., and ADAMS, T. E. BRENNAN, T. G. KAVANAGH, and SWAINSON, JJ., concurred with WILLIAMS, J.

BLACK, J., did not sit in this case.