ULICHNIE v DAVIS

1. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—UNINSURED MO-
   TORIST COVERAGE—ENDORSEMENTS—REJECTION—STATUTES.

   An endorsement to an automobile liability insurance policy sent
   by an automobile insurance company with its renewal offer to
   an insured which restricted uninsured motorist coverage of the
   original policy was invalid where the statute required that the
   named insured reject in writing his statutory right to unin-
   sured motorist coverage and such writing was not shown by the
   insurance company (MCLA 500.3010).

2. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—UNINSURED MO-
   TORIST COVERAGE—REJECTION—STATUTES.

   The purpose of the statute which required that an automobile
   liability insurance policy shall provide uninsured motorist cov-
   erage unless the insured rejects the coverage in writing was to
   place the victim of an uninsured motorist in the same position
   he would have occupied had the tortfeasor been insured; the
   statute focused on the tortfeasor's liability and not on the
   ownership of the motor vehicle driven by the victim (MCLA
   500.3010).

3. INSURANCE—AUTOMOBILES—LIABILITY INSURANCE—UNINSURED MO-
   TORIST COVERAGE—REJECTION—LEGISLATIVE INTENT—STATUTES.

   The statute which required that an automobile liability insurance
   policy shall provide uninsured motorist coverage unless the
   insured rejects the coverage in writing indicated the Legisla-
   ture's desire to have insurance companies bear the burden of
   protecting against uninsured motorists, but it did allow for
   waiver of liability by the insured by a written notice require-
   ment which served to place the burden of guaranteeing a
   knowledgeable rejection on the insurance company (MCLA
   500.3010).

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 7 Am Jur 2d, Automobile Insurance §§ 135–138.
   Rights and liabilities under "uninsured motorists" coverage. 79
   ALR2d 1252.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 October 9, 1974, at Grand Rapids. (Docket No. 18356.) Decided November 26, 1974. Leave to appeal denied, 393 Mich —.

Complaint by Anthony D. Ulichnie, for himself and as administrator of the estate of Robert A. Ulichnie, deceased, against William E. Davis and Robert L. Slappy for damages resulting from decedent's death. Auto-Owners Insurance Company was added as a defendant for the purpose of determining whether the uninsured motorist provisions of Auto-Owners automobile liability insurance policy contract with plaintiff extended to and covered the deceased at the time of the accident. Summary judgment for plaintiff against defendant Auto-Owners. Defendant Auto-Owners appeals. Affirmed.

*Pinsky & Soet,* for plaintiffs.

*Phelps, Linsey, Strain & Worsfold,* for defendant Auto-Owners Insurance Company.

Before: ALLEN, P. J., and J. H. GILLIS and McGREGOR, JJ.

J. H. GILLIS, J. This appeal arises out of a motor vehicle accident which occurred on August 30, 1970. A pickup truck, owned by defendant Davis and driven by defendant Slappy, struck and killed plaintiff's decedent, Robert A. Ulichnie, as he sat astride his minibike. Plaintiff sued individually for personal injuries sustained as a result of his viewing the accident; he also sued as administrator of his son's estate.

Because defendant Slappy was uninsured, plaintiff joined his own insurer, Auto-Owners Insurance

Company as a defendant. Plaintiff then moved for summary judgment against Auto-Owners, alleging that he was entitled to recover from it under the uninsured motorist's coverage contained in the policy. Defendant Auto-Owners denied liability, pointing to a restrictive endorsement added to the original policy. The trial judge ruled that although the endorsement was not violative of public policy, it nonetheless did not apply to plaintiff since it was not bargained for. Before we decide the propriety of this ruling, it is necessary to examine the insurance policy itself.

The insurance policy in issue was first issued on December 8, 1967. It was renewable every six months. The policy contained provisions protecting the insured against injury and death caused by an uninsured motorist. Under the terms of the original policy, both plaintiff and defendant admit that defendant insurance company would have been liable. But on December 8, 1968, defendant claims to have sent plaintiff the following endorsement with its renewal offer:

"In consideration of the premium at which this policy is written, *it is agreed* that Coverage D—*Uninsured Motorist shall not apply* to any bodily injury to an insured sustained *while in, upon, entering or alighting from any motor vehicle not described in the Declarations attached to this policy and that is owned by the named insured, spouse or relatives of either who are residents of the insured's household;* nor to any described motor vehicle unless a premium charge is shown under Uninsured Motorist for such vehicle." (Emphasis supplied.)

Since deceased was a resident of the Ulichnie household, and since the minibike was not listed on the insurance policy, defendant insurance company denies any liability. Plaintiff contends that

the endorsement was ineffective for three reasons: first, he never received it; second, he did not bargain for the additional restrictions set forth in the renewal; and, third, the endorsement violates MCLA 500.3010; MSA 24.13010 and public policy. Without examining plaintiff's first two contentions, we hold that the endorsement did violate MCLA 500.3010; MSA 24.13010.

MCLA 500.3010; MSA 24.13010, in effect at the time the policy was issued[1] held that:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 504 of Act No. 300 of the Public Acts of 1949, as amended, being section 257.504 of the Compiled Laws of 1948, under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, *unless the named insured rejects such coverage in writing as provided herein. All such policies shall contain a notice, displayed prominently on the front page of the policy, in at least 8-point type that such protection coverage was explained to him and that he can reject such coverage by notice in writing.* Unless the named insured requests such coverage in writing, it need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer." (Emphasis supplied.)

The language of the statue is plain, unambiguous,

---

[1] Repealed by 1972 PA 345, January 9, 1973.

and mandatory. *Blakeslee v Farm Bureau Mutual Insurance Co of Michigan,* 388 Mich 464, 473; 201 NW2d 786, 791 (1972); *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482, 487; 201 NW2d 795, 798 (1972). It requires that the "named insured" reject "in writing" his statutory right to uninsured motorist coverage. No such writing is shown here.

Defendant insurance company claims that its original coverage of plaintiff exceeded that required by the statute, and that the endorsement merely narrowed the coverage to that called for by the statute. Thus, defendant argues that no written waiver was required in this situation. While this may be true, we cannot accept defendant's first premise. The statute does not so limit the scope of the insurer's duty. The purpose of the statute is to "place the victim of an uninsured motorist in the same position he would have occupied had the tortfeasor been insured". *Hopkins v Auto-Owners Insurance Co,* 41 Mich App 635, 638; 200 NW2d 784, 786 (1972). The statute focuses on the tortfeasor's liability and not on the ownership of the motor vehicle driven by the victim. There can be no question that defendant's endorsement attempted to limit their liability to something less than the statute requires.

While this statute indicates the Legislature's desire to have insurance companies bear the burden of protecting against uninsured motorists, it did allow for waiver of liability by the insured. The written notice requirement served "to place the burden of guaranteeing a knowledgable rejection on the insurance company". *Oatis v Dairyland Insurance Co,* 20 Mich App 367, 372; 174 NW2d 35, 37 (1969). The defendant insurance company has not met its burden.

Affirmed. Costs to appellee.

All concurred.