ROACH v CENTRAL NATIONAL INSURANCE COMPANY OF
OMAHA

1. INSURANCE—AUTOMOBILES—UNINSURED MOTORISTS—PERMISSIVE
USERS—STATUTES.

A motor vehicle liability insurance policy is defined by statute
and is required to provide insurance coverage for permissive
users, and because the language does not explicitly provide for
a limitation of who may be covered under an uninsured motor-
ist provision, there is an inference against an unauthorized,
selfimposed limitation by the insurer which would exclude
coverage for permissive users (MCLA 257.520, 500.3010).

2. INSURANCE—AUTOMOBILES—UNINSURED MOTORISTS—STATUTES—
LEGISLATIVE INTENT.

The clear intent of the Legislature in enacting a statute which
requires that uninsured motorist protection be offered along
with any automobile or motor vehicle liability policy was to
reduce claims against the motor vehicle accident claims fund
(MCLA 500.3010).

3. INSURANCE—AUTOMOBILES—DEFINITIONS—PERSONS INSURED.

An automobile or motor vehicle insurer cannot exclude a class of
people, who are required to be insured under its liability policy,
by redefining who is an insured under an uninsured motorist
endorsement of the insurance policy.

4. INSURANCE—AUTOMOBILES—UNINSURED MOTORISTS—STATUTES—
PERSONS INSURED.

The statutory requirement that uninsured motorist coverage
must be provided to the same persons included as insureds in a
motor vehicle liability policy must be read into the provisions
of the policy when those provisions differ or vary from the
statutory requirement (MCLA 500.3012).

Appeal from Genesee, Donald R. Freeman, J.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 7 Am Jur 2d, Automobile Insurance §§ 135–138.
Rights and liabilities under "uninsured motorists" coverage. 79
ALR2d 1252.

Submitted Division 2 January 10, 1975, at Lansing. (Docket No. 19797.) Decided March 25, 1975.

Complaint by Timothy R. Roach against Central National Insurance Company of Omaha for a declaratory judgment that the plaintiff was an insured under a policy of insurance issued by the defendant. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Milliken & Magee,* for plaintiff.

*Gault, Davison, Bowers & Hill,* for defendant.

Before: DANHOF, P. J., and McGREGOR and D. F. WALSH, JJ.

McGREGOR, J. Plaintiff appeals from the trial court's judgment which denied to the plaintiff uninsured motorist coverage under the terms of the insurance policy issued by the defendant.

On July 16, 1972, plaintiff was operating a motorcycle owned by Arthur L. Williams, when there occurred an accident between plaintiff and the motor vehicle operated by Carl Smith. At the time of this accident, there was in full force and effect a policy of motorcycle insurance issued by the defendant, wherein Mr. Williams was designated as the named insured.

The section of the insurance policy entitled "Persons Insured" under the "liability" portion of the policy was amended by a supplemental endorsement to read as follows:

"With respect to the insurance provided by this contract, insured includes the named insured, and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using with the permission of the named insured

or an adult member of his household, a motorcycle to which this insurance applies, provided such persons actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission."

Uninsured motorist coverage was provided by another endorsement to the insurance policy. Under this endorsement, "Insured" was defined for uninsured motorist coverage only as:

"The named insured as stated in the policy (herein also referred to as the 'principal named insured'), his spouse and children if residents of the same household."

It is undisputed that at the time of the accident plaintiff was operating the motorcycle with the full knowledge and consent of Arthur L. Williams, and that Carl Smith was an uninsured motorist.

As a result of the accident, plaintiff sustained personal injuries and instituted this action to seek a declaration "that plaintiff is an 'insured' under the terms of the policy of insurance issued by the defendant and, further * * * that plaintiff is entitled to full and complete coverage as an 'insured' under the uninsured motorist provisions of said policy".

Plaintiff filed a motion for summary judgment which was denied by the trial court. In its opinion, the court held that, as a matter of law, plaintiff was not an insured within the valid and effective definitional provisions of the uninsured motorist endorsement to the policy, and thereby was not entitled to any of the benefits or coverages set forth in such uninsured motorist endorsement to the policy of insurance.

Following the trial court's denial of plaintiff's motion for summary judgment, the parties stipulated for entry of a final order of judgment in

accordance with the trial court's decision. This stipulation was made without prejudice to the plaintiff and without waiver of any rights of appeal.

Plaintiff appeals from the order of judgment entered by the trial court, which denied to plaintiff uninsured motorist coverage under the terms of the policy of insurance and its endorsements.

The sole issue on appeal is whether an insurance company may exclude from uninsured motorist coverage a class of persons who are required to be insured under the liability portion of a motor vehicle insurance policy.

The parties are in agreement that the resolution of this issue is dependent upon the interpretation of the content and intent of MCLA 500.3010; MSA 24.13010, which provides as follows:

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 3009 under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein. All such policies shall contain a notice, displayed prominently on the front page of the policy, in at least 8-point type that such protection coverage was explained to him and that he can reject such coverage by notice in writing. Unless the named insured requests

such coverage in writing, it need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

The trial court, in its opinion, concluded that this statute does not require a motor vehicle liability policy's uninsured motorist endorsement to provide uninsured motorist protection for every permissive driver of the insured's vehicle, but that protection would be provided only to those persons defined as "insured" in the uninsured motorist endorsement, even though the principal liability policy includes permissive drivers as "insureds" for liability protection. We do not agree.

Under the Motor Vehicle Code, MCLA 257.520; MSA 9.2220, a "motor vehicle liability policy" is clearly defined and requires that such owner's policy of liability insurance:

"(2) shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles * * * ."

While the motor vehicle code clearly requires that permissive drivers must be insured under an owner's policy of liability insurance, the defendant argues that such a class of drivers need not be insured under the uninsured motorist endorsement of the policy. The defendant maintains that if the legislative intent had been to direct or mandate a coverage for all those insured under the liability policy, simple grammatical means existed to implement any such intent. He states

that the statutory language could have been stated as:

"persons insured under such liability policy,"

rather than as:

"persons insured thereunder."

This same type of argument was rejected in *Blakeslee v Farm Bureau Mutal Insurance Co,* 388 Mich 464; 201 NW2d 786 (1972).[1]

In *Blakeslee,* the Court held that, because the language of the above statute did not explicitly provide for the limitation which the insured sought to impose, an inference arose against the unauthorized, self-devised limitations. *Blakeslee, supra,* pp 473–474.

In the case at bar, this same reasoning contradicts the negative inference asserted by the defendant, that because the Legislature did not explicitly disallow beneficiary limitations on uninsured motorist coverage, such is permitted. Rather, the reasoning in *Blakeslee* creates the opposite inference.

The language of the statute is plain, unambiguous, and mandatory. The statute clearly states that "no automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law * * * shall be delivered or issued * * * unless coverage is provided therein * * * for the protection of persons insured there-

---

[1] *Blakeslee,* as well as *Rowland v Detroit Automobile Inter-Insurance Exchange,* 388 Mich 476; 201 NW2d 792 (1972), and *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482; 201 NW2d 795 (1972), comprised a trilogy of cases which presented issues concerning the interpretation of MCLA 500.3010; MSA 24.13010. In particular, these cases examined the effect of so-called "other insurance" clauses which sought to limit recovery in the uninsured motorist coverage.

under who are legally entitled to recover damages from owners or operators of uninsured motor vehicles."

The clear legislative intent in enacting this statute was to reduce claims against the motor vehicle accident claims fund. *Blakeslee, supra,* p 474. The defendant's interpretation of the statute is contrary to that intent.

In *Cadillac Mutual Insurance Co v Bell,* 50 Mich App 144; 212 NW2d 816 (1973), the appellee was a passenger in his motor vehicle which was being operated with his permission by a person under 25 years of age, when it was involved in an accident with an uninsured motorist. The injured passengers filed claims with the insurance company under the uninsured motorist provision of Bell's policy. However, the insurance company relied upon a special endorsement, which provided that the policy involved was null and void as to any loss arising from an accident that occurred while the vehicle was being operated by anyone under 25 years of age, in an attempt to avoid liability under the insurance policy. The Court held that the exclusionary provision was null and void as contrary to public policy.

In the case at bar, the defendant is attempting to exclude a class, required to be insured under the liability policy, by redefining insured under the uninsured motorist endorsement of the insurance policy. This it cannot do.

The statute requires an insurance company to provide uninsured motorist coverage in a motor vehicle liability policy for the protection of persons insured thereunder. "Persons Insured Thereunder" refers to those persons insured in the liability policy. As stated in *Blakeslee, supra,* p 474:

"It would be unconscionable to permit an insurance company offering statutorily required coverage to col-

lect premiums for it with one hand and allow it to take the coverage away with the other by using a self-devised 'other insurance' limitation. Nothing could more clearly defeat the intention of the Legislature."

Likewise, it would be unconscionable to permit an insurance company offering statutorily required coverage to collect premiums for it with one hand and allow it to take the coverage away with the other, by using a self-devised redefinition of "insured", for the purpose of uninsured motorist coverage. Nothing could more clearly defeat the intention of the Legislature.

The purpose of the "other insurance" clause and the definition of "insured" under the uninsured motorist provision are the same. That is, the clauses are an attempted means to avoid the statutory obligation of providing uninsured motorist coverage.

The clear purpose and the mandatory language of the statute require that uninsured motorist coverage must be provided to the same persons included as insureds in the liability policy. When the provisions of a policy of insurance differ or vary from this statutory requirement, they must be read into the provisions of the policy. MCLA 500.3012; MSA 24.13012; *Blakeslee, supra.*

Further, the statute also states that no policy shall issue without uninsured motorist coverage unless the named insured rejects the coverage in writing. An insurance company must provide the required uninsured motorist coverage and cannot withhold it *in toto* or in part without the written rejection of the coverage by the named insured. Cf. *Reliance Insurance Co v Haney,* 54 Mich App 237; 220 NW2d 728 (1974), *Ulichnie v Davis,* 56 Mich App 699; 224 NW2d 696 (1974).

The trial court's judgment is reversed and the case is remanded for further proceedings in accordance with this opinion. Costs to plaintiff.