PAPPAS v CENTRAL NATIONAL INSURANCE GROUP OF OMAHA

INSURANCE—MOTORCYCLES—AUTOMOBILES—UNINSURED MOTORISTS—STATUTES—PASSENGERS.

A motor vehicle liability policy must provide uninsured motorist coverage to the same persons included as insureds in the liability portion of the policy; a passenger on an insured motorcycle, who was injured by an uninsured motorist, is not covered by the insurance policy on the motorcycle where passengers are neither included as insureds under the uninsured motorist provision of the policy nor defined as insureds under the liability section of the policy (MCLA 500.3012).

Appeal from Oakland, Frederick C. Ziem, J. Submitted June 13, 1975, at Detroit. (Docket No. 22434.) Decided September 24, 1975. Leave to appeal granted, 395 Mich 812.

Complaint by Zoe Pappas against Central National Insurance Group of Omaha and Farmers Insurance Group for a declaratory judgment that plaintiff was covered under a policy of insurance. Summary judgments for Central National and in favor of plaintiff against Farmers. Defendant Farmers appeals. Affirmed.

*Saur, Girard, Sterling & Stout,* for plaintiff.

*Eggenberger, Eggenberger, McKinney & Weber,* for Central National Insurance Group of Omaha.

REFERENCE FOR POINTS IN HEADNOTE
44 Am Jur 2d, Insurance §§ 1298–1300.

*Harvey, Kruse & Westen, P. C.,* for Farmers Insurance Group.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

PER CURIAM. On June 25, 1972, plaintiff, Zoe Pappas, was a passenger on a motorcycle being driven by its owner. The motorcycle was struck by an uninsured motorist, and plaintiff sustained serious injuries. Plaintiff brought suit against Central National Insurance Group of Omaha, claiming coverage under the uninsured motorists section of a policy on the motorcycle, issued to the owner as the named insured. The trial judge granted defendant's motion for summary judgment on grounds that passengers were not extended such coverage under the terms of the policy. An appeal as of right was taken from that ruling.[1]

Under the Central policy, "the insured" was uniformly defined as the named insured, his spouse, and his children. The "liability" portion of the policy provided that Central would pay all sums "the insured" should become legally obligated to pay as damages because of bodily injuries to various classes of persons, one of which was

---

[1] The actual appellant here was another insurance company-defendant, Farmers Insurance Group. By an amended complaint, plaintiff attempted to recover from Farmers under an insurance policy issued to her father. That policy extended uninsured motorists coverage to the whole Pappas family, but included an "other insurance" exclusion. Farmers argued below that it was not liable here because plaintiff was covered under the Central policy, bringing into play the "other insurance" exclusion.

In the order granting defendant Central's motion for summary judgment, plaintiff was granted summary judgment against Farmers. Since Farmers alone filed the claim of appeal, plaintiff is technically an appellee here. However, since plaintiff adopts Farmer's brief as her own, and because purely legal issues are involved here, we shall treat this case as though plaintiff were simply appealing the summary judgment in favor of Central.

passengers. Under the uninsured motorists provisions, passengers were not covered. Central agreed only to pay all sums which "the insured" should become legally entitled to recover as damages from the owner or operator of an uninsured automobile.

Plaintiff admits that the terms of the Central policy do not provide uninsured motorists coverage for passengers. She contends instead that the "exclusion" of passengers from that section of the policy is void as contrary to the public policy expressed in certain Michigan statutes. We cannot agree.

Insurance companies issuing policies to citizens of this state are required to provide uninsured motorists coverage. MCLA 500.3010; MSA 24.13010 provides as follows:

> "No automobile liability or motor vehicle liability policy * * * shall be delivered or issued for delivery in this state * * * unless coverage is provided * * * for the protection of *persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * * unless the named insured rejects such coverage in writing." (Emphasis added.)

Plaintiff is correct in her assertion that if a particular policy fails to include uninsured motorists coverage for "persons insured thereunder" it shall be valid but shall be deemed to include those persons within that coverage, *Blakeslee v Farm Bureau Mutual Insurance Co,* 388 Mich 464; 201 NW2d 786 (1972); MCLA 500.3012; MSA 24.13012. Our point of disagreement comes in defining the phrase "persons insured thereunder" as used in the statute.

This Court has recently discussed the statutory language in the case of *Roach v Central National*

*Insurance Co of Omaha,* 60 Mich App 40; 230 NW2d 297 (1975). In that case permissive users of the vehicle were "insured" under the liability portion of the policy. That is, the company agreed to pay all sums that such users might become legally obligated to pay to third parties through the use of the insured vehicle. The *Roach* Court held that an attempt to exclude these permissive users from uninsured motorist coverage was void, stating:

> "In the case at bar, the defendant is attempting to exclude a class, required to be *insured* under the liability policy, by redefining insured under the uninsured motorist endorsement of the insurance policy. This it cannot do.
>
> "The statute requires an insurance company to provide uninsured motorist coverage in a motor vehicle liability policy for the protection of persons insured thereunder. 'Persons insured thereunder' refers to those persons *insured* in the liability policy.
>
> \* \* \*
>
> "The clear purpose and the mandatory language of the statute require that uninsured motorist coverage must be provided to the same persons included as *insureds* in the liability policy." 60 Mich App, at pp 46, 47. (Emphasis added.)

In the present case, passengers are not "insured" under the liability section of the policy. Central has not agreed to assume any liabilities passengers may incur with respect to third parties. Passengers are merely mentioned in the policy as potential *claimants,* in the same category as pedestrians or drivers of other cars injured by the negligence of "the insured". Plaintiff surely cannot argue that those other classes of persons also must be given uninsured motorists coverage, for the burden would be too great. The Legislature has seen fit to limit the scope of the statute to persons

*insured* under the liability provisions of an insurance policy, and we have neither the power nor the inclination to extend it.

Affirmed, costs of this appeal to appellees.