RICE v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

1. AUTOMOBILES—INSURANCE—STATUTES—UNINSURED MOTORIST COV-
·ERAGE.

An insurance company was not obligated by statute to extend the uninsured motorist protection of an automobile liability policy to the named insureds' son, who was injured in an accident with an uninsured motorist, where the son's injury occurred while occupying a car in which he was not entitled to the liability coverage of the policy (MCLA 500.3010; MSA 24.13010).

2. AUTOMOBILES—INSURANCE—STATUTES—UNINSURED MOTORIST COV-
ERAGE.

An insurance company was obligated by statute (now repealed) to provide uninsured motorist protection only to the extent that an insured, other than a named insured, is covered for purposes of liability protection under the policy (MCLA 500.3010; MSA 24.13010).

Appeal from Wayne, Charles Kaufman, J. Submitted December 2, 1975, at Detroit. (Docket No. 24279.) Decided January 8, 1976. Leave to appeal denied, 396 Mich 858.

Complaint by John Q. Rice, Jr., against Detroit Automobile Inter-Insurance Exchange for a declaratory judgment concerning the coverage under an uninsured motorist provision of an automobile insurance policy. The Secretary of State intervened. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Menendez & Chapin,* for plaintiff.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Automobile Insurance § 135 *et seq.*

*Rouse, Selby, Dickinson, Pike & Mourad* (by
*A. J. Galsterer, Jr.),* for defendant.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *John B. Bilitzke*
and *Carl K. Carlsen,* Assistants Attorney General,
for the intervenor.

Before: LESINSKI, C. J., and J. H. GILLIS and AL-
LEN, JJ.

ALLEN, J. We are confronted with the issue of
whether an exclusion clause within the uninsured
motorist coverage section of an automobile insur-
ance policy contravenes public policy prescribed by
MCLA 500.3010; MSA 24.13010,[1] insofar as the
exclusion applies to one other than a named in-
sured who, under the circumstances in this case, is
not an insured under the liability section of the
policy.

Plaintiff was involved in a motor vehicle acci-
dent with an uninsured motorist on November 18,
1971, as he was operating a 1968 Pontiac titled to
him and his mother. Although he carried no auto-
mobile insurance on the Pontiac,[2] plaintiff's par-
ents were named insureds on a policy of automo-
bile insurance issued by Detroit Automobile Inter-
Insurance Exchange (DAIIE) on a 1966 Mercury,
and plaintiff was deemed an insured for certain
purposes under the liability section and uninsured
motorist section owing to his status as a relative
who resided in the household of the named in-

---

[1] MCLA 500.3010; MSA 24.13010 was repealed by 1972 PA 345, eff.
January 9, 1973.

[2] Plaintiff had paid the required fee to the Secretary of State for
deposit as an uninsured motorist with the Motor Vehicle Accident
Claims Fund.

sureds.[3] Plaintiff brought this suit seeking a declaratory judgment that he was entitled to coverage under the uninsured motorist section in the policy.[4]

In its answer to the complaint, DAIIE denied liability based upon the affirmative defense that no coverage was available to plaintiff owing to the following exclusion clause:

"The insurance afforded by this [uninsured motorist] coverage does not apply:

"(1) to bodily injury to an insured sustained while occupying any automobile, other than an owned automobile, except a non-owned automobile to which there is applicable and available to such insured no insurance similar to that afforded by this coverage."

Plaintiff sought to strike the affirmative defense on the grounds that the exclusion violated public policy; DAIIE moved for summary judgment. The lower court entered an order of summary judgment in favor of DAIIE, and plaintiff appeals.

It is not contested that under the applicable definitions in the policy, plaintiff's automobile is neither an "owned automobile"[5] nor a "non-owned automobile",[6] and that the exclusion clause takes away uninsured motorist coverage in accidents of

---

[3] Even though plaintiff was an expressly excluded driver of the 1966 Mercury under the policy, it is clear, and conceded by defendant that the attempt to exclude him from coverage otherwise afforded him under the policy is void as contrary to public policy. *State Farm Mutual Automobile Insurance Co v Shelly,* 59 Mich App 491; 229 NW2d 820 (1975), *rev'd on other grounds,* 394 Mich 448; 231 NW2d 641 (1975).

[4] The Secretary of State was permitted to intervene.

[5] Owned automobile means the vehicle described in the declaration certificate, to wit, the 1966 Mercury.

[6] Non-owned automobile is defined in the policy as "any automobile * * * not owned * * * or available for the frequent * * * use of the named insured, relative or other resident of the same household * * * ".

the instant nature. Thus, if the exclusion clause is valid, the lower court must be affirmed. If the clause is void, plaintiff is entitled to coverage under the language of the policy.

To resolve the dispute, this Court must initially look to MCLA 500.3010; MSA 24.13010:

"No automobile liability or motor vehicle *liability policy* insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle *shall be delivered* or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state *unless coverage is provided* therein or supplemental thereto in limits for bodily injury or death set forth in section 504 of Act No. 300 of the Public Acts of 1949, as amended, being section 257.504 of the Compiled Laws of 1948, under provisions approved by the commissioner of insurance, *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein." (Emphasis supplied.)

Plaintiff and the Secretary of State take the position that as a relative living in the household of the named insureds, plaintiff is an insured for purposes of uninsured motorist coverage, the statute is applicable, and the exclusion clause void as contrary to public policy. *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482; 201 NW2d 795 (1972), *Ulichnie v Davis,* 56 Mich App 699; 224 NW2d 696 (1974), *lv den,* 393 Mich 805 (1975).

DAIIE asserts that the statute only requires uninsured motorist coverage to the extent the policy provides an insured liability protection.

Since plaintiff had no liability protection under the policy when he operated the 1968 Pontiac, the statute, and public policy derived therefrom, are unoffended by the exclusion. We agree.

In *Roach v Central National Insurance Co of Omaha,* 60 Mich App 40; 230 NW2d 297 (1975), plaintiff was involved in an accident with an uninsured motorist while operating a motorcycle owned by the named insured on a policy issued by defendant. Plaintiff was covered under the liability section of the policy as a permissive user. However, a permissive user was not included within the uninsured motorist section and defendant denied coverage. Plaintiff sought a declaratory judgment that he was an insured under the policy who was entitled to protection against uninsured motorists. The lower court entered summary judgment in favor of defendant. A panel of this Court reversed, ruling that when a permissive user is an insured under the liability section of the policy an attempt to exclude said insured from uninsured motorist coverage is void under MCLA 500.3010:

"In the case at bar, the defendant is attempting to exclude a class, required to be insured under the liability policy, by redefining insured under the uninsured motorist endorsement of the insurance policy. This it cannot do.

"The statute requires an insurance company to provide uninsured motorist coverage in a motor vehicle liability policy for the protection of persons insured thereunder. 'Persons Insured Thereunder' refers to those persons insured in the liability policy.

\* \* \*

"The clear purpose and the mandatory language of the statute require that uninsured motorist coverage must be provided to the same persons included as insureds in the liability policy." 60 Mich App at 46–47.

More recently, in *Pappas v Central National Insurance Group of Omaha,* 64 Mich App 611; 236 NW2d 158 (1975), a panel of this Court ruled that an insurance company issuing a policy on a motorcycle was not required to provide uninsured motorist coverage to a passenger on the motorcycle injured as a result of an accident with an uninsured motorist, where the passenger was not an insured under either the uninsured motorist section or liability section of the policy:

"The Legislature has seen fit to limit the scope of the statute to persons *insured* under the liability provisions of an insurance policy, and we have neither the power nor the inclination to extend it." 64 Mich App at 614–615.

Thus, if one is an insured for the purpose of liability protection, he is deemed an insured for the purpose of uninsured motorist protection. Conversely, if one is not an insured under the liability section, the statute does not require that he be afforded uninsured motorist protection. In other words, the statute requires that uninsured motorist coverage be as broad as the protection in the liability section. Instant plaintiff was not insured for liability protection purposes when he operated the 1968 Pontiac. Hence, public policy is not offended by the exclusion clause.

Although plaintiff's reliance upon the Supreme Court decision in *Boettner, supra,* is not without justification, we think the case may be properly distinguished. There, plaintiff's decedents, *named insureds* on separate automobile insurance policies issued by defendant on two motor vehicles, were fatally injured in an accident with an uninsured motorist while they occupied one of the insured automobiles. Although the estate recovered on the

policy issued on the involved vehicle, defendant refused to allow recovery under the uninsured motorist section of the other vehicle policy owing to an exclusion clause quite similar to the one in this case. The Supreme Court found the exclusion clause to be an attempt "to avoid the statutory obligation of providing uninsured motorist coverage". 388 Mich at 487. It felt that it would be unconscionable for an insurance company to collect premiums for uninsured motorist coverage which was required by statute and then take away the coverage via an exclusion clause. The Court concluded:

"The statute commands coverage for all motor vehicles and such coverage is not limited to an injury suffered by the insured while occupying that motor vehicle." 388 Mich at 488.

As this Court interprets *Boettner, supra,* in effect uninsured motorist protection is personal, following the insured to whatever vehicle he may be using or occupying, etc., *so long as the insured is a named insured.* The apparent justification for the distinction between insured and named insured is that the latter pays the premiums thereby invoking the doctrine of unconscionability.

Under this interpretation of *Boettner,* moreover, we believe the decision in *Ulichnie v Davis, supra,* is distinguishable. There, plaintiff's son was fatally injured by an uninsured motorist as he sat on his mini-bike. Because plaintiff witnessed the accident, he brought suit individually for personal injuries against the vehicle owner and the driver as well as seeking damages as administrator of his son's estate. Plaintiff was a named insured on an automobile policy issued by Auto-Owners Insurance

Company, and he brought the insurance company into the suit claiming recovery under the uninsured motorist coverage. The insurance company denied coverage owing to a restrictive endorsement containing an exclusion clause (similar to the one in this case) which had been added to the initial policy. The lower court granted plaintiff summary judgment against the insurance company on the grounds that the endorsement was not bargained for. On appeal, this Court affirmed on the grounds that the added endorsement, which restricted uninsured motorist coverage provided in the original policy, was void under MCLA 500.3010 because the named insured had not rejected full uninsured motorist coverage in writing. The Court disposed of the insurance company's argument that written rejection was unnecessary because the original uninsured motorist coverage exceeded statutory requirements on the theory that the exclusion constituted an attempt to limit liability to less than the statute required. Since plaintiff was a named insured who suffered injuries at the behest of an uninsured motorist, *Ulichnie* is consistent with the decision in *Boettner, supra.*[7]

In conclusion, we hold DAIIE was obliged to provide uninsured motorist protection only to the extent that an insured, other than a named insured, is covered for the purpose of liability protection under the policy.

---

[7] Although plaintiff's son was not a named insured and plaintiff was suing in a representative, as well as individual, capacity, the decision in *Ulichnie* does not stand for the proposition that an insured other than a named insured is entitled to uninsured motorist coverage broader than provided in the liability section of the policy. The distinction between named insured and insured was simply not drawn in determining whether or not there had been a rejection of uninsured motorist coverage. It should be noted that to the extent the decision in *Nunley v Turner,* 57 Mich App 473, 482–484; 226 NW2d 528, *lv den,* 394 Mich 816 (1975), departs from our interpretation of *Boettner,* we refuse to follow it.