AUTO-OWNERS INSURANCE COMPANY v TRAVISS

1. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE—
   STACKING COVERAGES—INSURED.

   A decedent's next of kin may not "stack" coverages under the
   uninsured motorist provisions of an insurance policy where the
   decedent, by the terms of the policy, qualified as an "insured"
   under the policy only as to the vehicle in use at the time of the
   collision in which the decedent was fatally injured did not
   qualify with respect to another vehicle which was covered by
   the same policy.

2. INSURANCE—AUTOMOBILES—UNINSURED MOTORIST COVERAGE—
   STACKING COVERAGES—STATUTES.

   An automobile insurance company is obliged to provide unin-
   sured motorist protection to an insured, other than a named
   insured, only to the extent that the unnamed insured is cov-
   ered for liability protection under a policy; therefore, a party
   who, under the provisions of a policy, is an insured, but not a
   named insured or a relative of a named insured residing in the
   same household, may not "stack" uninsured motorist coverages
   under a policy which covers two cars but which restricts the
   liability protection of the unnamed insured with respect to only
   that vehicle involved in the accident in which the unnamed
   insured was injured (MCLA 500.3010; MSA 24.13010).

Appeal from Monroe, James J. Kelley, Jr., J.
Submitted June 18, 1976, at Detroit. (Docket No.
27240.) Decided October 20, 1976.

Complaint by Auto-Owners Insurance Company
against Bonnie A. Traviss, individually and as
administratrix of the estate of Donald A. Traviss,
deceased, for a declaration as to the company's

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 301.
[2] 7 Am Jur 2d, Automobile Insurance, § 135 *et seq.*

obligations to the defendant under a policy of insurance. Judgment granted in favor of plaintiff. Defendant appeals. Affirmed.

*Martin, Bohall, Joselyn, Halsey, Rowe & Jamieson, P. C.* (by *Paul J. Manion),* for plaintiff.

*Harry A. Lockwood,* for defendant.

Before: R. M. MAHER, P. J., and D. C. RILEY and R. M. RYAN,* JJ.

R. M. RYAN, J. This panel is confronted with the narrow legal issue of whether a claimant can "stack" or "pyramid" automobile insurance recovery under the uninsured motorist provisions in the following circumstances: (1) claimant's decedent was the driver of an insured vehicle involved in a fatal accident; (2) he was not the named insured or a family member of the named insured under the policy; and (3) the named insured's insurance covered two vehicles under a single policy.

Plaintiff insurance carrier, faced with defendant's demand for "stacked" benefits under the uninsured motorist coverage, brought an action for a declaratory judgment on this issue. The Monroe County Circuit Court granted the declaratory judgment in behalf of plaintiff and defendant appeals as of right.

The parties stipulated as to the facts in the case at bar. Defendant's decedent was killed in a severe two-vehicle collision which occurred in Knox County, Kentucky. Defendant's decedent was driving a vehicle owned by Lewis Lambert and in which Mr. Lambert's wife was a passenger; she was also killed. The proximate cause of the acci-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

dent was determined to be the negligence of the driver of the other vehicle, one Billy Jack Dunn. Mr. Dunn and his vehicle were uninsured.

At the time of the accident Lewis Lambert also owned another vehicle (in addition to the vehicle involved in the collision). Both of Mr. Lambert's vehicles were insured with plaintiff insurance carrier under a single policy, although the premium for each vehicle was calculated separately. The uninsured motorist provision of the policy in question allows for the recovery of $20,000 for each person involved in an accident with an uninsured motorist. Plaintiff does not deny the legitimacy of defendant's claim for $20,000.

However, defendant claims she is entitled to the uninsured motorist coverage benefits which attach to Mr. Lambert's second vehicle under the policy, *i.e.* another $20,000. The plaintiff, and the trial court, disagreed. We also disagree.

In ruling in plaintiff insurance company's favor, the trial court recognized that the Michigan Supreme Court and this Court have in the past held that the stacking or pyramiding of recovery under uninsured motorist provisions is permissible under certain factual circumstances. See *Blakeslee v Farm Bureau Mutual Insurance Co,* 388 Mich 464; 201 NW2d 786 (1972), *Boettner v State Farm Mutual Insurance Co,* 388 Mich 482; 201 NW2d 795 (1972), *Citizens Mutual Insurance Co v Turner,* 53 Mich App 616; 220 NW2d 203 (1974). However, as pointed out by the trial court, these cases can be distinguished from the case at bar. In the cases mentioned, the stacking issue concerned named insureds who paid the premium for their children or relatives. Neither of these two factors are present in the instant case. The decedent was not a named insured under the policy in dispute or

under the policy covering the motor vehicle not in use; nor did he pay any premium.

The trial court concluded that the uninsured motorist provision contained in paragraph D of the subject policy was restricted in application to only those individuals *"in,* upon, entering, or alighting from" one of the automobiles. As a result, it held that this coverage applies separately to each of the two automobiles. And since defendant's non-owning decedent husband was only *in* one of the vehicles, defendant could only recover the $20,000 uninsured motorist coverage on the vehicle occupied by the decedent at the time of his death.

The initial question faced by this Court is whether the uninsured motorist provision contained in the subject policy does restrict, as the trial court held, its coverage to only the vehicle in use at the time of the accident. It becomes apparent, upon a reading of the applicable provisions contained in the automobile insurance policy, that the policy does, as the trial court found, restrict its uninsured motor vehicle coverage to only the vehicle in use at the time of the accident.

In order to ascertain the extent of the coverage provided by this provision it must first be determined how the word "insured" as applied to this provision is defined within the policy. Under the "definitions" portion of the policy, "insured", as used in the "uninsured motorist coverage" provision, is defined in relevant part as:

"any person while in, upon, entering or alighting from an automobile to which *Coverage A* of this policy applies".

An examination of that portion of the policy entitled Coverage A shows that it is directed at

affording the insured protection from liability against suits by other individuals injured by the operation of one of the vehicles covered and that such coverage only applies to the vehicle *in use* at the time of the accident. As a result, it becomes clear that since Coverage A of the policy only applies to the automobile *in use* at the time of the accident, then the defendant's decedent would qualify as an "insured" under the uninsured motorist coverage provision in the policy only as to the vehicle involved. Defendant's decedent cannot recover under the uninsured motorist provision as it applies to the other vehicle covered by the same policy since the decedent did not qualify as an "insured". This is true because the other vehicle was not being used by the decedent at the time of the accident.

Since it is clear that under the applicable definition in the policy, defendant's decedent was not an "insured" for purposes of the uninsured motorist coverage provision as it applied to the second vehicle, the only question remaining is whether this definitional scheme is valid.

A review of the applicable law indicates that since the defendant's decedent did not fall within the definition of the word "insured" as it applied to the second vehicle covered by the policy and was not a "named insured" or relative who resided in the household of the "named insured", defendant cannot stack the policies and recover on both.

MCLA 500.3010; MSA 24.13010, required that:[1]

"No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance

---

[1] MCLA 500.3010; MSA 24.13010 was repealed by 1972 PA 345, eff January 9, 1973.

or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 504 of Act No. 300 of the Public Acts of 1949, as amended, being section 257.504 of the Compiled Laws of 1948, under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein."

Recently this Court in *Rice v Detroit Automobile Inter-Insurance Exchange,* 66 Mich App 600; 239 NW2d 675 (1976), held that insurance companies are obliged to provide uninsured motorist protection *only* to the extent that an insured, other than a named insured, is covered for the purpose of liability protection under the policy. Citing the previous cases of *Roach v Central National Insurance Co of Omaha,* 60 Mich App 40; 230 NW2d 297 (1975), and *Pappas v Central National Insurance Group of Omaha,* 64 Mich App 611; 236 NW2d 158 (1975), the Court in *Rice* construed MCLA 500.3010; MSA 24.13010 as requiring that the uninsured motorist coverage be only as broad as the protection provided in the liability section of the policy.

In *Rice,* the plaintiff was involved in a motor vehicle accident with an uninsured motorist while he was operating a vehicle which was titled to him and his mother. Although he carried no automobile insurance on the vehicle, plaintiff's parents were named as insureds on a policy of automobile

insurance issued by the defendant on a second vehicle; and plaintiff was deemed an insured for certain purposes under the liability section and uninsured motorist section owing to his status as a relative who resided in the household of the named insureds. Plaintiff brought an action seeking a declaratory judgment as to whether he was entitled to coverage under the uninsured motorist section in the policy on the second vehicle. The policy in *Rice* contained the following exclusion clauses:

" 'The insurance afforded by this [uninsured motorist] coverage does not apply:
" '(1) to bodily injury to an insured sustained while occupying any automobile, other than an owned automobile, except a non-owned automobile to which there is applicable and available to such insured no insurance similar to that afforded by this coverage.' " *Rice, supra,* 602.

Citing *Boettner, supra,* the plaintiff maintained that as a relative living in the household of the named insured he was an insured for purposes of the uninsured motorist coverage, that the statute was applicable and that the exclusion clause should be held void as being contrary to public policy. In holding that the defendant was only obliged to provide uninsured motorist protection to the extent that an insured, other than a named insured, was covered for the purposes of liability protection under the policy, this Court distinguished the *Boettner* case. *Rice, supra,* at 605.

In its opinion in *Rice,* the Court reasoned that the claimant in *Boettner* could stack and recover on two separate uninsured motorist provisions contained in two separate automobile insurance policies issued by the defendant insurance com-

pany on two vehicles because the claimant's decedents, who were fatally injured in an automobile accident with an uninsured motorist, were "named insureds" on those policies. This Court went on to state:

"As this Court interprets *Boettner, supra,* in effect uninsured motorist protection is personal, following the insured to whatever vehicle he may be using or occupying, etc., *so long as the insured is a named insured.* The apparent justification for the distinction between insured and named insured is that the latter pays the premiums thereby invoking the doctrine of unconscionability." *Rice, supra,* at 606.

An examination of the other cases cited by defendant in support of her contention that she should be able to stack and recover an additional $20,000 under the uninsured motorist provision for the second vehicle not involved in the accident shows that these cases can also be distinguished on the grounds that the claimants were "named insureds" or relatives living in the same household with "named insureds".

Thus, we conclude that since defendant's decedent was not a "named insured" or relative of a "named insured" under the policy in question, it is not unconscionable to restrict the plaintiff's liability under the uninsured motorist provision, as provided for in the policy, to the one vehicle involved in the accident. The plaintiff provided uninsured motorist protection so that defendant's decedent, who was not a named insured, was covered for purposes of liability protection under the policy. Therefore, plaintiff must be held to have complied with its statutory duty.

Affirmed.