### DIXON v DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE

Docket No. 53974. Submitted April 20, 1982, at Lansing.—Decided November 3, 1982.

James M. Dixon died as the result of injuries suffered when struck by an automobile driven by Helen Malvitz and owned by Jimmie Bogan, Jr. Andrew E. R. Dixon, Jr., and Ada M. Dixon brought an action for wrongful death against the Detroit Automobile Inter-Insurance Exchange, Malvitz, Bogan, and others. DAIIE was the Dixons' insurer; however, the policy did not provide uninsured motorist coverage. Plaintiffs alleged that Malvitz and Bogan were uninsured at the time of the accident. Plaintiffs claimed that DAIIE negligently failed to offer them uninsured motorist coverage. They claimed that, because of the comprehensive nature of the no-fault act, all no-fault insurers are required to make known to their insureds the availability of uninsured motorist coverage. The Washtenaw Circuit Court, Patrick J. Conlin, J., granted DAIIE's motion for summary judgment for failure to state a claim upon which relief could be granted. Plaintiffs appeal. *Held:*

There is no requirement in the no-fault act that an insurer must inform its insured of the availability of uninsured motorist coverage. Further, plaintiffs' public policy arguments for the imposition of such a duty are properly addressed to the Legislature, not to the courts.

Affirmed.

INSURANCE — UNINSURED MOTORISTS — NO-FAULT INSURANCE.

The no-fault automobile insurance act does not require an insurer to inform its insured of the availability of uninsured motorist protection and if such a requirement is to be imposed it is a function of the Legislature, not the Court of Appeals, to do so (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

REFERENCES FOR POINTS IN HEADNOTE

[1] 7 Am Jur 2d, Automobile Insurance § 294.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

*Allen, James & Witthoff, P.C.* (by *Harvey Altus),* for plaintiffs.

*Conlin, Conlin & McKenney* (by *Neil J. Juliar),* for defendant Detroit Automobile Inter-Insurance Exchange.

Before: M. J. KELLY, P.J., and CYNAR and G. R. COOK,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's order granting summary judgment in favor of defendant Detroit Automobile Inter-Insurance Exchange (DAIIE) pursuant to GCR 1963, 117.2(1).

Plaintiffs' decedent died as a result of injuries sustained when struck by an automobile driven by Helen Malvitz and owned by Jimmie Bogan, Jr. The accident occurred on January 20, 1977. On January 11, 1980, plaintiffs commenced this wrongful death action. They alleged that Malvitz and Bogan were uninsured motorists at the time of the accident. It is admitted that DAIIE was plaintiffs' no-fault insurer. Plaintiffs' policy did not provide uninsured motorist coverage. Plaintiffs' complaint alleged the following with respect to their claim against DAIIE:

"3. That defendant Automobile Club of Michigan/ Detroit Automobile Inter-Insurance Exchange, a Michigan corporation, hereinafter designated as Auto Club, having its principal place of business in the City of Dearborn, Wayne County, Michigan, and doing business in Washtenaw County, was the insurer of plaintiff at the time this cause of action described in Count I arose.

"4. That defendant Auto Club did not insure plaintiff against uninsured motorists and did not offer and/or accept the refusal for such insurance according to law.

* Circuit judge, sitting on the Court of Appeals by assignment.

"5. That because defendant Auto Club did not offer and/or accept the refusal for uninsured motorists insurance according to law, plaintiff had such coverage at the time the events in Count I arose, and is liable for all damages alleged in the event defendants automobile owner and driver are found to have been uninsured.

"Wherefore, in the event defendants automobile owner and driver are found to have been uninsured at the time this cause of action arose, plaintiff demands judgment against defendant Auto Club as insurer of plaintiff for damages as prayed in Count I."

Although plaintiffs subsequently amended their complaint, the amended complaint incorporated by reference the allegations contained above. No further allegations were made against DAIIE. DAIIE moved for summary judgment pursuant to GCR 1963, 117.2(1), alleging that plaintiffs failed to state a claim upon which relief could be granted. On September 12, 1980, a hearing was held on DAIIE's motion. Plaintiffs claimed that DAIIE owed them a duty to make known the availability of uninsured motorist protection and that, had plaintiffs been aware of such coverage, they would have purchased it. They claim that DAIIE failed to perform that duty and that, as a result, they have been injured. Plaintiffs did not allege that a special relationship existed between themselves and DAIIE. Rather, they claimed below, and claim on appeal, that due to the comprehensive nature of the no-fault statute all no-fault insurers are required to make known to their insureds the availability of this type of coverage.

The trial court denied plaintiffs' claim and granted DAIIE's motion. Plaintiffs have not moved to amend their complaint to allege a special relationship, nor do they claim on appeal that a special relationship existed between DAIIE and themselves.

Prior to October 1, 1973, MCL 500.3010; MSA 24.13010 provided:

"Sec. 3010. No automobile liability or motor vehicle liability policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death set forth in section 3009 under provisions approved by the commissioner of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, including owners or operators insured by an insolvent insurer, because of bodily injury, sickness or disease, including death, resulting therefrom, unless the named insured rejects such coverage in writing as provided herein. All such policies shall contain a notice, displayed prominently on the front page of the policy, in at least 8-point type that such protection coverage was explained to him and that he can reject such coverage by notice in writing. Unless the named insured requests such coverage in writing, it need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

The purpose of the above-quoted provision was to protect the Motor Vehicle Accident Claims Fund, MCL 257.1101 *et seq.;* MSA 9.2801 *et seq.* The fund provides protection to the victims of accidents which are caused by the negligence of uninsured motorists. However, protection is provided only when the damages caused by the uninsured motorist exceed amounts payable by an insurer. MCL 257.1122; MSA 9.2822. The requirement that insurers offer uninsured motorist pro-

tection was to protect the accident claims fund by promoting the purchase of uninsured motorist coverage. *Blakeslee v Farm Bureau Mutual Ins Co of Michigan,* 388 Mich 464, 474; 201 NW2d 786 (1972), *Boettner v State Farm Mutual Ins Co,* 388 Mich 482, 488; 201 NW2d 795 (1972). Effective October 1, 1973, the Legislature repealed the statutory provision quoted above. The repeal was made effective simultaneously with enactment of the no-fault insurance act. MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* The no-fault act contains no provision similar to MCL 500.3010; MSA 24.13010. Plaintiffs admit that no other statutory provision imposes on defendant DAIIE a duty to inform its insured of the availability of uninsured motorist protection. Rather, they contend that such a duty should be imposed by the courts.

It is clear that the Legislature's repeal of MCL 500.3010; MSA 24.13010 was not based upon its assumption that the compulsory insurance provisions of no-fault would eliminate the uninsured motorist problem. Plaintiffs should not be permitted to claim that the continued existence of a problem with respect to uninsured motorists requires this Court to resurrect the statute by the creation of a common-law duty similar to the duty which the Legislature expressly abrogated by repealing the statute. See *Bradley v Mid-Century Ins Co,* 409 Mich 1; 294 NW2d 141 (1980), *Blakeslee v Farm Bureau Ins Co of Michigan, supra.*

Plaintiffs are simply in the wrong forum. Their public policy arguments should be addressed to the Legislature, not this Court.

The summary judgment in favor of DAIIE is affirmed. Costs to defendant DAIIE.