PRIESTLY v SECRETARY OF STATE

AUTOMOBILES—INSURANCE—BASIC POLICY—UNINSURED MOTORIST EN-
DORSEMENTS—EXCLUSIONS—PUBLIC POLICY.

A provision in an insurance policy which excludes from unin-
sured motorist coverage all bodily injury to an insured while
occupying an automobile, other than an insured automobile,
which is owned by a named insured or any relative resident in
the same household, is not void as against public policy; it is
not unreasonable, nor against public policy, for an insurance
company to limit the extent of its coverage when such limita-
tion is found equally in the basic liability policy and the
uninsured motorist endorsement.

Appeal from Wayne, Victor J. Baum, J. Submit-
ted January 6, 1976, at Detroit. (Docket No.
24294.) Decided January 27, 1976. Leave to appeal
denied, 396 Mich 859.

Complaint by Clemon Priestly and Rosella
Priestly against the Secretary of State, as director
of the Motor Vehicle Accident Claims Fund, and
the Detroit Automobile Inter-Insurance Exchange
for damages arising from an automobile collision.
The defendant Secretary of State moved that sum-
mary judgment for plaintiff be granted against
defendant Detroit Automobile Inter-Insurance Ex-
change. Motion granted. The Exchange appeals.
Reversed and summary judgment granted to plain-
tiff against the Secretary of State.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Joseph B. Bil-*

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance §§ 135-138.

*itzke* and *Carl K. Carlsen,* Assistants Attorney General, for the Secretary of State.

*David J. Lanctot,* for the Detroit Automobile Inter-Insurance Exchange.

Before: J. H. GILLIS, P. J., and QUINN and R. E. NOBLE,* JJ.

QUINN, J. Plaintiffs' action was for declaratory relief. The trial court granted the Secretary of State's motion for summary judgment as to Detroit Automobile Inter-Insurance Exchange (hereinafter Exchange), and it appeals.

January 18, 1972, plaintiff Clemon Priestly was the owner-driver of a 1966 Dodge which was involved in an accident with a hit-and-run vehicle. The Dodge was not insured, but Clemon had paid $45 to the Secretary of State for deposit with the Motor Vehicle Accident Claims Fund. Clemon also owned a 1969 Cadillac which was insured by Exchange under an "assigned risk" policy issued in accordance with the automobile insurance placement facility statute, MCLA 500.3301 *et seq.;* MSA 24.13301 *et seq.* Clemon applied to Exchange for uninsured motorist coverage benefits under the policy issued on the Cadillac. Exchange denied coverage and plaintiffs filed this declaratory action against Motor Vehicle Accident Claims Fund and the Exchange.

The insurance policy issued by the Exchange to Clemon and covering the Cadillac contained uninsured motorist coverage with three limiting exclusions. The pertinent exclusion reads:

"To bodily injury to an insured while occupying an automobile (other than an insured automobile) owned

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by a named insured or any relative resident in the same household, or through being struck by such an automobile."

This case is controlled by *Nunley v Turner,* 57 Mich App 473; 226 NW2d 528 (1975),[1] and reversal is mandated unless the Secretary of State is correct in his contention that the above quoted exclusion is void as against the public policy expressed in MCLA 500.3010; MSA 24.13010. *Boettner v State Farm Mutual Insurance Company,* 388 Mich 482; 201 NW2d 795 (1972), relied on by the Secretary of State, is inapposite for reasons adequately expressed in *Nunley, supra,* to which the reader is referred.

The basic policy involved, under "insuring agreement V", covered use of other automobiles. Subsection (d)(1) of that provision reads:

"(d) This insuring agreement does not apply:

(1) to any automobile owned by or furnished for the regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse:"

Therefore, plaintiffs are not "insureds" under the basic policy when driving another car owned by them which is not covered by the policy or other insurance.

It is not unreasonable, nor against public policy, for the insurance company to limit the extent of its coverage, when such limitation is found equally in the basic liability policy and the uninsured motorist endorsement, *Pappas v Central National Insurance Group of Omaha,* 64 Mich App 611; 236 NW2d 158 (1975).

Reversed. Under GCR 1963, 117.3, the trial

[1] *See also Rice v Detroit Automobile Inter-Insurance Exchange,* 66 Mich App 600; 239 NW2d 675 (1976).

judge should have entered summary judgment for Exchange. Under GCR 1963, 820.1(7), we grant summary judgment to the Exchange but without costs.