PAPPAS v CENTRAL NATIONAL INSURANCE GROUP OF
OMAHA

Docket No. 57582. Argued October 6, 1976 (Calendar No. 9).—Decided
July 18, 1977.

Zoe Pappas sought a judgment against Central National Insurance Group of Omaha declaring that she was covered under an insurance policy. Plaintiff was injured when she was a passenger on a motorcycle owned and operated by Pierre Obomsawin which was struck by an uninsured automobile. At the time of the injury Central insured the motorcycle, and Farmers Insurance Group, which was joined as a defendant, insured a motor vehicle owned by the plaintiff's father. The terms of Central's insurance policy did not extend uninsured motorist coverage to passengers who were not residents of the principal insured's household, although the liability provision of the policy did extend to "any person while using" the motorcycle. The Oakland Circuit Court, Frederick C. Ziem, J., granted summary judgment for defendant Central and for plaintiff against Farmers. The Court of Appeals, Bronson, P. J., and V. J. Brennan and D. E. Holbrook, Jr., JJ., affirmed (Docket No. 22434). Defendant Farmers Insurance Group appeals. *Held:*

1. The uninsured motorists statute required that every policy offer certain coverage against uninsured motorists which the insured might then reject in writing. The offer of uninsured motorist coverage was required to extend to persons insured under the liability coverage of the policy.

2. The principal legislative purpose of the statute was to reduce claims against the Motor Vehicle Accident Claims Fund. To permit the insurer and the insured to narrowly define the

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 6] 7 Am Jur 2d, Automobile Insurance §§ 135–137.
  Rights and liabilities under "uninsured motorist" coverage. 79 ALR2d 1252.

[3] Who is within protection of statutes creating indemnity funds for losses caused by uninsured or unknown motorists. 10 ALR3d 1166.

[4] 73 Am Jur 2d, Statutes §§ 155–160.

[5, 6] 7 Am Jur 2d, Automobile Insurance § 127.

class of persons protected is inconsistent with that purpose, as well as with the plain meaning of the statute. Granting the named insured the right to reject uninsured motorist coverage is not inconsistent with a legislative prescription of the class to be covered in the required offer of uninsured motorist coverage.

3. The liability terms of Central's policy confer insured status on "any person while using" the insured vehicle with permission of the insured. The insurer concedes that the plaintiff was using the motorcycle while riding as a guest passenger. Proof that a negligent act was committed involving the use of the vehicle is not required before it can be determined that a passenger is insured; such proof triggers the insurer's liability, but does not have any effect on a passenger's status as an insured person under the terms of the policy.

4. The policy issued by Central does not expressly extend uninsured motorist coverage to the entire class of persons required by statute to be insured, *i.e.* persons while using the insured motorcycle with permission. Where a policy of insurance does not offer statutorily required uninsured motorist coverage, language conforming to the minimum liability requirements of the statute must be read into the terms of the policy. Plaintiff is therefore insured under the uninsured motorist coverage of the Central policy.

Reversed and remanded.

64 Mich App 611; 236 NW2d 158 (1975) reversed.

1. INSURANCE—UNINSURED MOTORISTS—STATUTES.

The language of the former uninsured motorist insurance statute is plain, unambiguous and mandatory; it required that every policy must offer this coverage, which the insured could reject in writing (MCL 500.3010; MSA 24.13010, repealed by 1972 PA 345).

2. INSURANCE—UNINSURED MOTORISTS—STATUTES—WORDS AND PHRASES—PERSONS INSURED.

The former uninsured motorist insurance statute, which required that an offer of coverage must be provided for the protection of "persons insured" under an insurance policy, is clear in requiring that the offer of coverage apply to whomever is insured under the liability coverage of the policy (MCL 500.3010; MSA 24.13010, repealed by 1972 PA 345).

3. INSURANCE—UNINSURED MOTORISTS—STATUTES—LEGISLATIVE PURPOSE.

The principal legislative purpose of the provision of the former

uninsured motorist insurance statute, which required an offer of coverage under an insurance policy, was to reduce claims against the Motor Vehicle Accident Claims Fund; to permit the insurer and the insured to narrowly define the class of persons protected is inconsistent with that purpose, as well as with the plain meaning of the statute (MCL 500.3010; MSA 24.13010, repealed by 1972 PA 345).

4. STATUTES—CONSTRUCTION—LEGISLATIVE POLICY.

The legislative purpose expressed in a statute is not affected by circumstances peculiar to the situation of a particular plaintiff.

5. INSURANCE—INSURED—PASSENGERS—PROOF OF NEGLIGENT ACT.

Under the terms of an insurance policy which confers insured status on "any person while using" the insured vehicle with permission of the insured, proof that a negligent act was committed involving the use of a motor vehicle triggers an insurer's liability but does not have any effect on a passenger's status as insured, and is not necessary to a determination that the passenger is insured.

6. INSURANCE—UNINSURED MOTORISTS—STATUTES—PERSONS INSURED
—PASSENGERS.

A passenger on a motorcycle who was injured when the motorcycle was struck by an uninsured automobile was insured under the uninsured motorist coverage of an insurance policy on the motorcycle which did not expressly extend to passengers the minimum coverage required by the uninsured motorist statute because language conforming to the minimum liability requirements of the statute must be read into the terms of the policy (MCL 500.3010; MSA 24.13010, repealed by 1972 PA 345; MCL 500.3012; MSA 24.13012).

*Eggenberger, Eggenberger, McKinney & Weber* for defendant Central National Insurance Group of Omaha.

*Harvey, Kruse & Westen, P.C.* (by *Phillip G. Alber),* for defendant Farmers Insurance Group.

RYAN, J. There are two issues in this case. They are: 1) whether, when an automobile liability insurance policy is issued in this state which con-

tains a provision for uninsured motorist coverage[1], the class of persons covered under the uninsured motorist coverage may be narrower than the class covered under the liability coverage provision and, 2) whether, in this case, the plaintiff is within the protected class under the liability coverage.

On January 25, 1972 Zoe Pappas was a passenger on a motorcycle operated by its owner. The motorcycle was struck by an uninsured automobile and plaintiff sustained serious injuries. Appellee Central National Insurance Group of Omaha (Central) insured the motorcycle under a policy issued to its owner. Appellant Farmers Insurance Group (Farmers) insured an automobile owned by appellee Pappas' father. Pappas filed suit against Central seeking recovery under the uninsured motorist coverage provision of its liability policy on the motorcycle. Farmers was joined as a defendant.

The trial court granted summary judgments in favor of Central and against Farmers. The latter was ordered to proceed to arbitration pursuant to the terms of the uninsured motorist clause of the policy issued to Pappas' father.

Both judgments were appealed to the Court of Appeals which affirmed,[2] holding:

a) that, as determined by another panel of that Court in *Roach v Central National Insurance Co of Omaha,* 60 Mich App 40; 230 NW2d 297 (1975), uninsured motorist coverage must be provided to the same persons included as insureds in the liability portion of the policy, and

b) that passengers are not "person insured" under the liability provision of Central's policy.

Resolution of the first issue requires our deter-

[1] As indeed it must, unless such coverage has been rejected by the insured. MCLA 500.3010; MSA 24.13010.

[2] *Pappas v Central National Insurance Group of Omaha,* 64 Mich App 611; 236 NW2d 158 (1975).

mination whether the so-called uninsured motorist statute defines a category of persons who *must* be protected by uninsured motorist coverage. Central contends that the Legislature expressed an intention to allow the insurer and the insured freedom to define contractually the class of persons to whom protection would be extended under the uninsured motorist clause of an automobile liability policy issued in this state.

We disagree.

At the time of the accident in this case[3], MCLA 500.3010; MSA 24.13010 provided:

> "No automobile liability or motor vehicle liability policy insuring against loss * * * shall be delivered or issued for delivery * * * unless coverage is provided therein or supplemental thereto * * * *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * * unless the named insured rejects such coverage in writing as provided herein." (Emphasis supplied.)

We conclude that when the Legislature provided for coverage to be provided "therein" or supplemental "thereto" for the protection of persons insured "thereunder", it was making consistent reference to the liability coverage portion of the policy. As we said in *Blakeslee v Farm Bureau Mutual Insurance Co of Michigan,* 388 Mich 464; 201 NW2d 786 (1972)[4] in which we found "other

[3] MCLA 500.3010; MSA 24.13010 was repealed by 1972 PA 345, eff. October 1, 1973.

[4] *Blakeslee, Rowland v Detroit Automobile Inter-Insurance Exchange,* 388 Mich 476; 201 NW2d 792 (1972), and *Boettner v State Farm Mutual Ins Co,* 388 Mich 482; 201 NW2d 795 (1972), comprised a trilogy of cases which considered the validity of "other insurance" and "exclusions" clauses limiting recovery under uninsured motorist insurance both prior to and after the passage of MCLA 500.3010; MSA 24.13010.

insurance" clauses to be in violation of the policy of the uninsured motorist statute:

"The language of the statute is plain, unambiguous and *mandatory.*

"It unequivocally requires that '[n]o \* \* \* policy \* \* \* be delivered \* \* \* unless coverage is provided therein'. Stated in the affirmative, *every* policy *must have* this coverage. Only after the mandatory offer is made can the insured reject it in writing.

"Nowhere in the statute does the Legislature attempt to fix any maximum amount of recovery less than the amount of the loss." 388 Mich 473.

Similarly, the Legislature has prescribed the class of persons to which uninsured motorist coverage must apply. It must be provided for the protection of persons "insured thereunder", that is, persons insured under the liability coverage portion of the policy. Nowhere does the Legislature attempt to fix a part of the class covered by the liability policy as the minimum number of persons to be covered. The statute is clear in requiring that the offer of coverage apply to whomever is insured under the liability coverage of the policy. That the plaintiff in *Blakeslee* was a named insured responsible for paying premiums whereas Pappas was not does not undermine the authority of that case. The critical fact in *Blakeslee* was that statutorily required coverage was being limited.

The principal purpose of § 3010 was to reduce claims against the motor vehicle accident claims fund. Central's contention that the Legislature intended that the insurer and the insured should have the ability to narrowly define the class of persons protected is inconsistent with that purpose, as well as with the plain meaning of the statute. Central's argument that a decision in its

favor will not defeat the Legislature's intent because Pappas may recover against another insurer misses the mark. The legislative policy expressed in the statute is not affected by circumstances peculiar to the situation of a particular plaintiff. As we pointed out in *Blakeslee,* the injured party may suffer losses exceeding the amount recoverable from another insurer. Moreover, we do not believe that granting the named insured the right to reject uninsured motorist coverage compels the conclusion that the Legislature did not intend to prescribe the class to be covered in the statutorily required offer of protection. We hold, therefore, that the required offer must extend protection in the statutory minimum to persons insured under the liability portion of the policy.

## II

Pappas is not protected from the acts of uninsured motorists under the terms of the uninsured motorist clause in the policy issued by Central.[5]

The liability coverage of that policy, however, defines the "insured" as including *"any person while using* with the permission of the named insured * * * a motorcycle to which this insurance applies". (Emphasis supplied.) It declares an obligation to pay on behalf of the insured all sums which the insured shall become legally obligated to pay caused by accident and arising out of the ownership, maintenance, or use of the vehicle.

Central concedes that Pappas was using the insured motorcycle when riding as a guest passen-

---

[5] The uninsured motorist clause of the policy issued to the owner of the motorcycle by Central extends coverage to:

"[T]he named insured as stated in the policy (hereto also referred to as the 'principal named insured'), his spouse and children if residents of the same household."

ger, but argues that it cannot be determined whether she is "insured" until it is shown that a negligent act was committed involving use of the vehicle. This contention is without merit. The terms of the policy confer insured status on persons while they are using the insured vehicle. Proof of the facts Central demands triggers the insurer's liability, but we do not believe it has any effect on a passenger's status as an insured under the terms of the policy. *Kangas v Aetna Casualty & Surety Co,* 64 Mich App 1; 235 NW2d 42 (1975), is inapposite. That case concerned the question of the insurer's liability where the injury arose out of an assault and battery committed along a highway but outside of and without the use of the insured vehicle.

We conclude that Pappas was a person insured under the liability policy when she was injured.

It is apparent that the uninsured motorist clause of the policy issued by Central does not expressly extend coverage to the entire class of persons required to be insured by the uninsured motorist statute, that is, persons while using the insured motorcycle with permission of the insured.[6] Where a policy of insurance does not offer statutorily required uninsured motorist coverage, conforming language must be read into the terms of the policy.[7] *Blakeslee, supra.* Pappas is therefore insured under the uninsured motorist coverage of the Central policy.

Reversed and remanded.

---

[6] Central does not allege that statutorily required coverage was offered to the owner and rejected in favor of the narrower coverage contained in the policy.

[7] *See* MCLA 500.3012; MSA 24.13012 which formed a basis for the result in *Blakeslee* and *Boettner* and which provides in pertinent part:

"Such a liability insurance policy issued in violation of sections 3004 through 3012 shall, nevertheless, be held valid *but be deemed to include the provisions required by such sections* * * * ." (Emphasis added.)

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLE-MAN, and FITZGERALD, JJ., concurred with RYAN, J.

BLAIR MOODY, JR., J., took no part in the decision of this case.