BRADLEY v MID-CENTURY INSURANCE COMPANY

AUTOMOBILES—INSURANCE—MOTORCYCLES—LIABILITY INSURANCE—
    UNINSURED MOTORIST COVERAGE—EXCLUSIONARY CLAUSES—IN-
    SURED PARTIES—STATUTES.

It was improper, under a prior statute now repealed, to permit an
insurance company to take away uninsured motorist coverage
through a self-devised exclusionary clause; therefore, once a
person became an insured under the liability section definition
of an insurance policy, and so long as this status existed,
uninsured motorist coverage, unless rejected by the named
insured in writing, had to be extended for protection from
injuries caused by uninsured motorists wherever the insured
happened to be and whatever the insured happened to be doing
at the time of the injury (MCLA 500.3010, 500.3012; MSA
24.13010, 24.13012).

Appeal from Genesee, Earl E. Bouradaile, J.
Submitted June 9, 1977, at Lansing. (Docket No.
29099.) Decided September 6, 1977. Leave to ap-
peal applied for.

Complaint for declaratory judgment by Donald
J. Bradley against Mid-Century Insurance Com-
pany and Citizens Mutual Insurance Company of
Howell, Michigan, seeking uninsured motorist ben-
efits for injuries arising from a motorcycle acci-
dent with an uninsured motorist. The Secretary of
State, Director of the Motor Vehicle Accident
Claims Fund, intervened as a defendant. Summary
judgment for defendant insurance companies. The
Secretary of State appeals. Reversed and re-
manded.

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance §§ 135–137.
Rights and liabilities under "uninsured motorists" coverage. 79
    ALR2d 1243.

*Milliken & Magee,* for Citizens Mutual Insurance Company.

*Charles L. Jones,* for Mid-Century Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for the Secretary of State.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

DANHOF, C. J. Intervening defendant, Secretary of State, appeals from a circuit court decision granting summary judgment in favor of defendants, Mid-Century Insurance Company and Citizens Mutual Insurance Company. The circuit court ruled that Mid-Century, which had provided uninsured motorist coverage to plaintiff Bradley under a policy covering another vehicle, was not liable where plaintiff, while riding his motorcycle, was injured when struck on May 21, 1972, by an uninsured motorist. Plaintiff's motorcycle was excluded from coverage under the policy. The circuit court also ruled that Citizens Mutual which had provided uninsured motorist coverage to plaintiff's father under a policy covering plaintiff as a member of the household, was not liable to plaintiff for the same accident. That policy excluded the motorcycle from coverage.

The Secretary of State argues that the "owned automobile" exclusion contained in the uninsured motorist coverage issued by both insurance companies is void as contrary to MCLA 500.3010; MSA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

24.13010, a statute in effect at all times relevant to this case but repealed effective October 1, 1973, which read in part:

"No automobile liability or motor vehicle liability policy insuring against loss * * * shall be delivered or issued for delivery * * * unless coverage is provided therein or supplemental thereto * * * *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * * unless the named insured rejects such coverage in writing as provided herein." (Emphasis supplied.)

In *Boettner v State Farm Mutual Insurance Company,* 388 Mich 482, 487, 488; 201 NW2d 795 (1972), the Court held:

"We are left with the question of whether MCLA 500.3010 operates to void the 'exclusions' clause. As was resolved in Part I, the 'other insurance' clause did not apply to our facts. Given this Court's decision in *Blakeslee,* even if the 'other insurance' clause did apply here, it would be struck down as being contrary to MCLA 500.3010. Should the *Blakeslee* rationale be extended to void 'exclusions' clauses also? We hold the answer is yes.

"The purpose of the 'other insurance' clause and the 'exclusions' clause is the same. That is the clauses are an attempted means to avoid the statutory obligation of providing uninsured motorist coverage. As we said in *Blakeslee,* 'The language of the statute is plain, unambiguous and *mandatory.* It unequivocally requires that "[no] * * * policy * * * be delivered * * * unless coverage is provided therein". * * * It would be unconscionable to permit an insurance company offering statutorily-required coverage to collect premiums for it with one hand and allow it to take the coverage away with the other by using a self-devised "other insurance" limitation.' 388 Mich 473–474 (1972). *The statute commands coverage for all motor vehicles and such coverage is not*

*limited to an injury suffered by the insured while occupying that motor vehicle."* (Emphasis added.)

The liability coverage of the policy issued by Mid-Century to plaintiff Bradley defines "insured" as including "the named insured". Thus the terms of the policy confer insured status on plaintiff Bradley by virtue of his being the named insured. Bradley is therefore necessarily insured under the uninsured motorist coverage of the Mid-Century policy.

Plaintiff Bradley was a member of the household of his father at the time the accident occurred. The liability coverage of the policy issued by Citizens Mutual to plaintiff's father defines insured as including "any resident of the named assured's household with respect to the owned Automobile". Thus the terms of this policy conferred insured status on plaintiff Bradley by virtue of his being a resident member of his father's household at the time of the accident. Citizens Mutual argues that the liability coverage did not apply to plaintiff while he was operating his motorcycle. The *Boettner* decision forbids the limitation of uninsured motorist coverage to injuries occurring while occupying insured vehicles. Citizens Mutual cites *Rice v DAIIE,* 66 Mich App 600; 239 NW2d 675 (1976), which limited *Boettner* to cases involving a named insured. However, in *Pappas v Central National Insurance Group of Omaha,* 400 Mich 475; 255 NW2d 629 (1977), the Supreme Court stated in reference to MCLA 500.3010:

"Central contends that the Legislature expressed an intention to allow the insurer and the insured freedom to define contractually the class of persons to whom protection would be extended under the uninsured mo-

torist clause of an automobile liability policy issued in this state.

"We disagree.

\* \* \*

"The statute is clear in requiring that the offer of coverage apply to whomever is insured under the liability coverage of the policy. That the plaintiff in *Blakeslee* was a named insured responsible for paying premiums whereas Pappas was not does not undermine the authority of that case. The critical fact in *Blakeslee* was that statutorily required coverage was being limited.

"The principal purpose of section 3010 was to reduce claims against the motor vehicle accident claims fund. Central's contention that the Legislature intended that the insurer and the insured should have the ability to narrowly define the class of persons protected is inconsistent with that purpose, as well as with the plain meaning of the statute."

Since the terms of the Citizens Mutual policy conferred insured status on plaintiff Bradley by virtue of his being a resident member of his father's household at the time of the accident, he is necessarily insured under the uninsured motorist coverage of that policy. See MCLA 500.3012; MSA 24.13012.

Plaintiff was an insured under both policies. Both insurance companies collected premium payments for the statutorily required uninsured motorist coverage, and it would be improper to permit the insurance companies to take away this coverage through self-devised exclusionary clauses. *Blakeslee v Farm Bureau Mutual Insurance Company of Michigan,* 388 Mich 464; 201 NW2d 786 (1972).

We are not unmindful of the fact that *Nunley v Turner,* 57 Mich App 473; 226 NW2d 528 (1975), *Rice v DAIIE, supra,* and *Priestly v Secretary of State,* 67 Mich App 96; 240 NW2d 282 (1976), all

appear to reach results contrary to the decision in the instant case. We read those cases as allowing the insurer and the insured to narrowly define the class of persons protected by the uninsured motorist coverage, but we read *Pappas, supra,* as rejecting such narrow definitions. We further read *Nunley, Rice,* and *Priestly* as attempting to circumscribe the factual situation in which the insured party injured by an uninsured motorist may recover under a policy providing the statutorily required coverage. *Pappas, supra,* allows no such circumscription:

"The legislative policy expressed in the statute is not affected by circumstances peculiar to the situation of a particular plaintiff."

In the instant case and its two companion cases, *Ellis v State Farm Insurance Co,* 78 Mich App 189; 259 NW2d 421 (1977), and *Hickman v Community Service Insurance Co,* 78 Mich App 1; 259 NW2d 367 (1977), the plaintiff is an "insured" under the liability section definition of the insurance policy in question. Once having been afforded this status, and so long as it exists, MCLA 500.3010; MSA 24.13010 requires that an offer of uninsured motorist insurance must be extended, for protection from injuries caused by uninsured motorists wherever the "insured" happens to be and whatever the "insured" happens to be doing at the time of the injury.

Reversed and remanded for further proceedings consistent with this opinion. No costs.