HICKMAN v COMMUNITY SERVICE INSURANCE COMPANY

AUTOMOBILES—INSURANCE—MOTORCYCLES—LIABILITY INSURANCE—
UNINSURED MOTORIST COVERAGE—EXCLUSIONARY CLAUSES—IN-
SURED PARTIES.

It was improper, under a prior statute now repealed, to permit an
insurance company to take away uninsured motorist coverage
through a self-devised exclusionary clause; therefore, once a
person became an "insured" under the definition of the term in
the liability section of an insurance policy, and so long as
insured status existed, uninsured motorist coverage had to be
extended unless rejected in writing by the named insured, for
protection from injuries caused by uninsured motorists wher-
ever the insured happened to be and whatever the insured
happened to be doing at the time of the injury (MCLA
500.3010, 500.3012; MSA 24.13010, 24.13012).

Appeal from Genesee, Philip C. Elliott, J. Sub-
mitted June 9, 1977, at Lansing. (Docket No.
27257.) Decided September 6, 1977. Leave to ap-
peal applied for.

Complaint by Jerry L. Hickman and Nancy
Hickman against Community Service Insurance
Company, Osee V. Griggs and the Secretary of
State, as head of the Motor Vehicle Accident
Claims Fund, for damages for injuries suffered by
Jerry L. Hickman when the motorcycle he was
riding was struck by an automobile driven by
defendant Griggs, an uninsured motorist. Judg-
ment entered declaring that Jerry L. Hickman
was covered under the uninsured motorist cover-
age of an insurance policy issued by the defendant
insurance company to plaintiff Nancy Hickman,

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 137.

his wife. Defendant insurance company appeals. The Secretary of State cross-appeals. Affirmed.

*Gault, Davison, Bowers & Hill,* for defendant Community Service Insurance Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Carl K. Carlsen,* Assistants Attorney General, for defendant Secretary of State.

Before: DANHOF, C. J., and T. M. BURNS and A. E. KEYES,* JJ.

DANHOF, C. J. Plaintiff, Jerry L. Hickman, was injured in an accident with an uninsured motorist on October 1, 1971. At that time plaintiff was operating a motorcycle which he owned but for which he had purchased no insurance. He had instead paid $35 into the motor vehicle accident claims fund. Plaintiff, Jerry L. Hickman, sought a declaratory judgment in the Genesee County Circuit Court to the effect that he was covered under the uninsured motorist coverage of an insurance policy issued by defendant Community Service Insurance Company to Nancy Hickman, coplaintiff and wife of Jerry L. Hickman, which policy insured her 1968 Chevrolet automobile. That policy provided no liability coverage for the motorcycle, because it was by definition neither an "owned automobile" nor a "nonowned automobile" as those terms are defined in the liability section of the policy. The policy also contains an "owned vehicle" exclusion which excludes uninsured motorist coverage for owned but uninsured vehicles.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The court below held in an order dated January 5, 1976, that the exclusionary clauses did not apply and that "Jerry L. Hickman is entitled to make claim for benefits under the provisions and coverages of * * * the policy of automobile liability insurance issued to Nancy Hickman by Community Service Insurance Company".

Community appealed as of right contending that the exclusionary clause did apply in the circumstances of this case. Cross appellant, Secretary of State, concedes this issue, but further contends that the exclusionary clause is void as contrary to public policy as found in MCLA 500.3010; MSA 24.13010.

At the time of the accident, MCLA 500.3010; MSA 24.13010 provided in part:

"No automobile liability or motor vehicle liability policy insuring against loss * * * shall be delivered or issued for delivery * * * unless coverage is provided therein or supplemental thereto * * * *for the protection of persons insured thereunder* who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * * unless the named insured rejects such coverage in writing as provided herein. (Emphasis supplied.)"

In *Blakeslee v Farm Bureau Mutual Insurance Company of Michigan,* 388 Mich 464; 201 NW2d 786 (1972), the Court found this statutory language to be mandatory, and based on a clear legislative purpose to reduce claims against the motor vehicle accident claims fund. The Court found that it would be unconscionable for an insurance company to collect premiums for the statutorily required coverage while at the same time utilizing self-devised policy limitations to avoid liability. In *Boettner v State Farm Mutual Insurance Co,* 388

Mich 482, 488; 201 NW2d 795 (1972), the Court stated:

"The statute commands coverage for all motor vehicles and such coverage is not limited to an injury suffered by the insured while occupying that motor vehicle."

Plaintiff Jerry L. Hickman was not protected while riding his motorcycle from the acts of an uninsured motorist under the terms of the policy issued to his wife by Community. The liability section of that policy, however, defines the "named insured" as "the individual named in the declarations and also includes his spouse, if a resident of the same household". Since Jerry L. Hickman was a resident spouse of the individual named (Nancy Hickman) at the time of the accident he was, by definition, an insured under the policy and therefore necessarily covered by the statutorily required uninsured motorist coverage.

Community cites several cases wherein an exclusionary clause was held to be valid. Community strongly argues that the distinction between the cases which validate and invalidate such exclusionary clauses is that in the latter "the insurer had used *different* definitions of 'insured' for purposes of liability coverage and of uninsured motorist coverage, thus excluding certain persons from uninsured motorist coverage even though the same persons were included under the liability coverage provisions". Community argues that if it is not liable to an insured under the liability section of a policy in a given accident because of the definitions in the liability section, there is no public policy against a coextensive exclusion of uninsured motorist coverage. Community's brief states:

"If Hickman had been liable for damages resulting from an accident while he was operating his motorcycle, Appellant would not be required to discharge any judgment rendered against him. Since no liability coverage is provided, then uninsured motorist coverage need not be provided—it may be excluded."

Community is contending, essentially, that Jerry L. Hickman was not an insured at all for any purpose under the policy while he was operating the excluded motorcycle. Since he was not an insured for liability purposes, the statute did not require uninsured motorist coverage.

A similar argument was rejected in *Pappas v Central National Insurance Group of Omaha,* 400 Mich 475; 255 NW2d 629 (1977). In *Pappas,* the Court held that the statutory reference to persons insured "thereunder" referred to "whomever is insured under the liability coverage of the policy", 400 Mich at 480. The Court found that *Blakeslee, supra,* was not limited by the fact that the plaintiff there was a named insured who paid the premiums:

"The critical fact in *Blakeslee* was that statutorily required coverage was being limited." 400 Mich at 480.

The *Pappas* opinion found that once "insured status" was found to exist at the time of the accident, it was irrelevant that no liability coverage under the liability section of the policy had been proven for that accident. Community here asserts that Jerry L. Hickman had no "insured status" under the policy at the time of the accident. We disagree. As we read *Pappas,* it requires that in the instant case the Community policy extend uninsured motorist coverage to Jerry L. Hickman. This follows from the fact that the policy conferred insured

status on Jerry L. Hickman by virtue of his being a resident spouse of Nancy Hickman, and not by virtue of his operation of a particular vehicle. Jerry L. Hickman was a resident spouse of Nancy Hickman at the time of the accident, any self-devised policy limitation which would deny uninsured motorist coverage to him while a resident spouse of Nancy Hickman is invalid.

We are not unmindful of the fact that *Nunley v Turner,* 57 Mich App 473; 226 NW2d 528 (1975), *Rice v Detroit Automobile Inter-Insurance Exchange,* 66 Mich App 600; 239 NW2d 675 (1976), and *Priestly v Secretary of State,* 67 Mich App 96; 240 NW2d 282 (1976), all appear to reach results contrary to the decision in the instant case. We read those cases as allowing the insurer and the insured to narrowly define the class of persons protected by the uninsured motorist coverage, but we read *Pappas, supra,* as rejecting such narrow definitions. We further read *Nunley, Rice,* and *Priestly* as attempting to circumscribe the factual situation in which the insured party, injured by an uninsured motorist, may recover under a policy providing the statutorily required coverage. *Pappas, supra,* allows no such circumscription:

"The legislative policy expressed in the statute is not affected by circumstances peculiar to the situation of a particular plaintiff." 400 Mich at 481.

In the instant case, and its two companion cases, Ellis v State Farm Insurance, 78 Mich App 189; 259 NW2d 421 (1977), and *Bradley v Mid-Century Insurance Co,* 78 Mich App 67; 259 NW2d 378 (1977), the plaintiff is an "insured" under the liability section definition of the insurance policy in question. Once having been afforded this status, and so long as it exists, MCLA 500.3010; MSA 24.13010 requires

that an offer of uninsured motorist coverage must be extended for protection from injuries caused by uninsured motorists wherever the "insured" happens to be and whatever the "insured" happens to be doing at the time of the injury.

Although based on different ground, our decision in this case has the same effect as that of the circuit court. We therefore affirm the circuit court order dated January 5, 1976.

Affirmed. No costs.