DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
REYNOLDS

Opinion of the Court

1. Insurance—Automobiles—Uninsured Motorists—Exclusions—
   Nonowned Automobiles.

   Uninsured motorist insurance covers all members of a named
   insured's household; an exclusionary clause which limits the
   coverage, by requiring that if a protected individual is injured
   while occupying an automobile it must be the vehicle listed in
   the policy declaration or a "nonowned" vehicle as defined in
   the policy, is valid and does not violate public policy.

Dissent by D. E. Holbrook, J.

2. Insurance—Automobiles—Uninsured Motorists—Exclusions.

   *An automobile insurer's offer of uninsured motorist coverage
   must apply to whoever is insured under the liability coverage
   of the policy; therefore, a clause in an insurance policy is
   invalid where it excludes uninsured motorist coverage to the
   daughter of a named insured, who with her husband is living in
   the named insured's household, and who is injured while a
   passenger in an uninsured automobile owned and driven by her
   husband.*

Appeal from Wayne, Neal Fitzgerald, J. Submitted December 12, 1977, at Detroit. (Docket No. 77-541.) Decided March 7, 1978. Leave to appeal applied for.

Complaint by the Detroit Automobile Inter-Insurance Exchange against Robert Reynolds and

References for Points in Headnotes
[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 301, 302.
New Topic Service, No-fault Insurance § 20.
7 Am Jur 2d, Automobile Insurance §§ 135–138.
Rights and liabilities under "uninsured motorists" coverage. 79
ALR2d 1252.

Jacqueline Reynolds for a declaratory judgment that Jacqueline Reynolds was not entitled to uninsured motorist coverage under a policy of insurance issued by plaintiff to Jacqueline Reynolds' father. Summary judgment for plaintiff. Defendant Jacqueline Reynolds appeals. Affirmed.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *Michael B. Haber),* for plaintiff.

*Weizenthal, Mindell & Panzer,* for defendants.

Before: N. J. KAUFMAN, P. J., and BRONSON and D. E. HOLBROOK, JJ.

PER CURIAM. Defendant, Jacqueline Reynolds, was injured in an automobile accident while riding as a passenger in her husband's uninsured automobile. The other car involved was also uninsured. Defendant made a claim for uninsured motorist benefits under her father's automobile insurance policy because the defendant and her husband resided with her father. The plaintiff filed an action for a declaratory judgment asking that the court find that defendant was not entitled to uninsured motorist coverage under the terms of the contract. The plaintiff then made a motion for summary judgment which was granted. Defendant appeals.

The exclusion clause in the insurance contract between the plaintiff and defendant's father excludes uninsured motorist coverage unless the insured party was occupying a nonowned automobile. A nonowned automobile is defined as follows:

" 'non-owned automobile' means any automobile or trailer * * * not owned by, furnished or available for the frequent or regular use of the named insured,

relative or other resident of the same household of such named insured * * * ."

It is undisputed that the automobile defendant was occupying at the time of the accident was owned by her husband. Thus, although the "exclusions clause" would not limit liability when the protected individual was injured while a pedestrian or a passenger of a car belonging to a nonrelative or a member of another household, under these facts defendant is excluded from benefits under the terms of the contract. *Burch v Wargo,* 378 Mich 200; 144 NW2d 342 (1966). The distinguishing feature is the fact that her father's automobile insurance contract contains a provision which specifically excludes liability if the vehicle in which she was riding is not a "non-owned" automobile.

Uninsured motorist insurance coverage protects against bodily injury caused by someone who has no insurance. Thus, uninsured motorist insurance covers the individual and follows wherever the individual goes. When purchased, it covers all members of a named insured's household. As such, one member of a household which had numerous automobiles could purchase uninsured motorist coverage in an insurance contract on one of the automobiles and provide protection for all the other members of the household under all circumstances. To limit this risk, the insurers have inserted an "exclusions clause" in each contract. This limits liability by requiring that if the protected individual is injured while occupying an automobile, it must be the vehicle listed in the declaration of the policy or a nonowned vehicle as defined in the contract.

Finally, we note that this section of the exclusion clause does not violate public policy. *Rice v*

*Detroit Automobile Inter-Insurance Exchange,* 66 Mich App 600; 239 NW2d 675 (1976), *lv den,* 396 Mich 858 (1976), *Priestly v Secretary of State,* 67 Mich App 96; 240 NW2d 282 (1976), *lv den* 396 Mich 859 (1976). Therefore, we affirm.

Affirmed. Costs to appellee.

D. E. HOLBROOK, J. *(dissenting).* The majority opinion upholds plaintiff's argument that defendant is not entitled to coverage under her father's insurance contract for injuries sustained while she was occupying an uninsured automobile titled to her husband. This writer respectfully disagrees.

The Michigan Supreme Court in *Pappas v Central National Insurance Group of Omaha,* 400 Mich 475; 255 NW2d 629 (1977), and this Court in the cases of *Hickman v Community Service Insurance Co,* 78 Mich App 1; 259 NW2d 367 (1977), *Bradley v Mid-Century Insurance Co,* 78 Mich App 67; 259 NW2d 378 (1977), and *Ellis v State Farm Insurance Co,* 78 Mich App 189; 259 NW2d 421 (1977), held that MCLA 500.3010; MSA 24.13010[1] requires that the offer of coverage apply to whomever is insured under the liability coverage of the policy. In the instant case, the policy provided insured status on Jacqueline Reynolds by virtue of her being a resident relative of Adam Zeller. Any self-insured policy limitation which would deny uninsured motorist coverage to her while a resident relative of Adam Zeller is invalid.

This writer is in complete agreement with Judge DANHOF when he wrote in *Hickman, supra,* at pp 6–7:

"We are not unmindful of the fact that *Nunley v Turner,* 57 Mich App 473; 226 NW2d 528 (1975), *Rice v*

---

[1] MCLA 500.3010; MSA 24.13010 was repealed by 1972 PA 345, effective October 1, 1973.

*Detroit Automobile Inter-Insurance Exchange,* 66 Mich App 600; 239 NW2d 675 (1976), and *Priestly v Secretary of State,* 67 Mich App 96; 240 NW2d 282 (1976), all appear to reach results contrary to the decision in the instant case. We read those cases as allowing the insurer and the insured to narrowly define the class of persons protected by the uninsured motorist coverage, but we read *Pappas, supra,* as rejecting such narrow definitions. We further read *Nunley, Rice,* and *Priestly* as attempting to circumscribe the factual situation in which the insured party, injured by an uninsured motorist, may recover under a policy providing the statutorily required coverage. *Pappas, supra,* allows no such circumscription:

" 'The legislative policy expressed in the statute is not affected by circumstances peculiar to the situation of a particular plaintiff.' 400 Mich at 481.

"In the instant case, and its two companion cases, *Ellis v State Farm Insurance,* 78 Mich App 189; 259 NW2d 421 (1977), and *Bradley v Mid-Century Insurance Co,* 78 Mich App 67; 259 NW2d 378 (1977), the plaintiff is an 'insured' under the liability section definition of the insurance policy in question. Once having been afforded this status, and so long as it exists, MCLA 500.3010; MSA 24.13010 requires that an offer of uninsured motorist coverage must be extended for protection from injuries caused by uninsured motorists wherever the 'insured' happens to be and whatever the 'insured' happens to be doing at the time of the injury."

Also see, *Bradley, supra,* at pp 71–72, and *Ellis, supra,* at pp 193–194.

This writer would hold that the judgment of the trial court be reversed and that a judgment be entered that Jacqueline Reynolds is covered under the insurance policy of her father for uninsured motorist benefits.