DETROIT AUTOMOBILE INTER-INSURANCE EXCHANGE v
McMILLAN

Docket No. 78-2573. Submitted April 2, 1980, at Detroit.—Decided
June 2, 1980. Leave to appeal applied for.

Tamara Ann McMillan, a minor, was a passenger in a vehicle
owned by her grandfather, with whom she lived, and driven by
her boyfriend when it was struck by an unknown vehicle,
injuring her. Her mother individually and as her parent and
guardian demanded arbitration under insurance policies issued
by the Detroit Automobile Inter-Insurance Exchange (DAIIE).
One policy was issued to her mother and the other to her
grandfather. The arbitration panel held that the policies could
be stacked despite an "other insurance" clause and other
exclusion clauses purporting to deny coverage. DAIIE moved
the Wayne Circuit Court to correct or modify or to vacate the
award. The court, George Martin, J., denied the motion and
affirmed the award. DAIIE appeals. *Held:*

Review of judgments confirming or denying arbitration
awards is limited in scope to the grounds provided in the court
rules. A judgment confirming an arbitration award may be
reversed where the arbitrators exceeded their powers by mak-
ing a clear error of law. A clear error of law exists where the
arbitrators have exhibited a manifest disregard of the law as
distinguished from a mere error in the interpretation of the
law. On the issues raised on appeal, the state of the law was
unsettled and it cannot be said that the arbitration panel made
a clear error of law.

Affirmed.

1. ARBITRATION — JUDGMENTS — JUDICIAL REVIEW — COURT RULES.

Review of judgments confirming or denying arbitration awards is
limited in scope to the grounds provided in the court rules
(GCR 1963, 769.9).

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 156.
    5 Am Jur 2d, Arbitration and Award § 145.
[2] 5 Am Jur 2d, Arbitration and Award § 167.
[3] 7 Am Jur 2d (Rev), Automobile Insurance §§ 347, 368.

2. Arbitration — Judgments — Judicial Review — Clear Error of Law.

A judgment confirming an arbitration award may be reversed where the arbitrators exceeded their powers by making a clear error of law; a clear error of law exists where the arbitrators have exhibited a manifest disregard of the law as distinguished from a mere error in the interpretation of the law.

3. Arbitration — Insurance — No-Fault Insurance — Stacking — Other Insurance Limitations.

An arbitration panel's decision not to give literal effect to an "other insurance clause" in each of the no-fault policies issued by a single insurer and to allow stacking of the coverages at a time when different panels of the Court of Appeals had reached opposite conclusions on the issue did not exceed its power or evidence a manifest disregard of the law.

*Selby, Dickinson, Pike, Mourad & Brandt* (by *Charles A. Pfeffer*), for the plaintiff.

*William L. Fisher,* for defendant.

Before: J. H. Gillis, P.J., and Allen and Beasley, JJ.

J. H. Gillis, P.J. Plaintiff appeals, as of right,[1] the denial of its motion to correct, modify or vacate an arbitration award of $40,000 in favor of the defendant.

This is an automobile no-fault insurance action. The following recitation of facts is taken from the statement of facts certified by order of the lower court dated September 1, 1978.

On January 10, 1976, Tamara Ann McMillan, a minor at the time, was a passenger in a vehicle owned by her grandfather, Clarence Perkins, which was being driven with permission by her boyfriend, Steven P. Geister. At the intersection of

[1] See *Detroit Automobile Inter-Ins Exchange v Reck,* 90 Mich App 286; 282 NW2d 292 (1979), *Lotoszinski v State Farm Mutual Automobile Ins Co,* 94 Mich App 164; 288 NW2d 369 (1979).

Woodward and Buckingham in Royal Oak, this vehicle was struck on the right side by an unknown vehicle which fled the scene without stopping. After impact, Mr. Geister lost control of the vehicle which spun around, striking a sign and a lamp post in the median.

Miss McMillan suffered serious injuries, including a compound fracture of the right leg which healed at a slight angulation with shortening. There was also a permanent soft tissue deficit in the right leg where the fracture occurred and a permanent hematoma in her left leg.

On August 2, 1977, a demand for arbitration was filed with the American Arbitration Association. This demand was made under the Detroit Automobile Inter-Insurance Exchange policy issued to Miss McMillan's mother, Patricia McMillan. It was not until December 19, 1977, that demand for arbitration was made under the policy issued by the Detroit Automobile Inter-Insurance Exchange to Clarence Perkins.

Miss McMillan, her mother and her grandfather all resided at 1628 N. Pleasant, Royal Oak, at the time of this accident.

On January 19, 1978, the arbitration panel heard this matter with all parties present with their attorneys. Besides the issues of liability and damages there also existed the question of whether "stacking" of the policies of Mrs. McMillan and Mr. Perkins was to be permitted. Certain oral arguments were made by both sides. At the conclusion of the hearing the panel requested that the two attorneys submit briefs on this issue as well as stipulate to the contents of the insurance policy.

On or about January 31, 1978, a stipulation was filed with the American Arbitration Association

attached to which was the policy issued to Mrs. McMillan and to Mr. Perkins by the Detroit Automobile Inter-Insurance Exchange.

All briefs were filed by March 7, 1978, as requested by the panel.

On April 21, 1978, the award, as determined by a two-to-one majority of the panel, was distributed. That award was $5,000 to Patricia McMillan, individually, and $35,000 to Patricia McMillan as parent and natural guardian of Tamara McMillan, a minor.

Plaintiff then filed a motion to correct or modify the arbitration award or, in the alternative, to vacate the award on May 10, 1978. This motion was heard June 2, 1978, before Wayne County Circuit Judge George Martin. On June 13, 1978, Judge Martin denied the motion and entered an order affirming the award. It is this final disposition that plaintiff-appellant now appeals to the Court of Appeals.

Subsequent to plaintiff's filing of its claim of appeal, the defendant twice filed pleadings designated as motions to dismiss. The grounds upon which the motions were based were not those stated in GCR 1963, 817.5(2). The relief sought was peremptory affirmance of the lower court order confirming the arbitration award. Accordingly, the motions were treated as motions to affirm. GCR 1963, 817.5(3). The motions were denied by this Court without comment in orders dated November 30, 1978, and August 8, 1979.

This Court's review of judgments confirming or denying arbitration awards is extremely limited in scope. *North American Steel Corp v Siderius, Inc,* 75 Mich App 391, 399-400; 254 NW2d 899 (1977), 6 CJS, Arbitration, § 125, p 372, 5 Am Jur 2d, Arbitration & Award, § 167, pp 643-644. GCR 1963,

769.9(1) provides the specific and sole grounds for vacating an arbitration award. One of those stated grounds is the situation wherein the arbitrators exceed their powers. GCR 1963, 769.9(1)(c).

Arbitrators exceed their powers when they make a clear error of law. *Detroit Automobile Inter-Ins Exchange v Spafford,* 76 Mich App 85, 87; 255 NW2d 780 (1977), *Howe v Patron's Mutual Fire Ins Co of Michigan,* 216 Mich 560, 569-570; 185 NW 864 (1921). A "clear error of law" exists where the arbitrators have exhibited a manifest disregard of the law as distinguished from a mere error in the interpretation of the law. *Detroit Automobile Inter-Ins Exchange v Ayvazian,* 62 Mich App 94, 98, fn 1; 233 NW2d 200 (1975), *Lotoszinski v State Farm Mutual Automobile Ins Co,* 94 Mich App 164; 288 NW2d 369 (1979), *Detroit Automobile Inter-Ins Exchange v Standfest,* 96 Mich App 71; 292 NW2d 164 (1980). See Domke, Commercial Arbitration, p 313. The question becomes whether the arbitrators made such a clear error of law in permitting the defendant to "stack" the insurance policies involved and to recover on both. An examination of the certified statement of facts shows that Tamara McMillan suffered injuries as a guest passenger in the automobile owned by her grandfather, Clarence Perkins. Perkins had uninsured motorist liability coverage with the plaintiff. Tamara's mother had a similar but independent policy of insurance issued to her by the plaintiff upon her own vehicle that gave her the same protection for injuries caused by an uninsured motorist.

The plaintiff paid $20,000 to the injured guest passenger under the grandfather's policy. Plaintiff refused to pay under the mother's policy due to restrictive clauses in the policy.

The plaintiff first contends that the arbitration panel exceeded its powers in permitting "stacking" in that the insurance policies involved contained "other insurance" clauses.

Uninsured motorist protection is no longer required in Michigan as MCL 500.3010; MSA 24.13010 (which mandated uninsured motorist coverage), was repealed by 1972 PA 345, effective January 9, 1973.[2] Nevertheless, such coverage is frequently purchased by automobile owners in their desire to have full insurance coverage. Commonly, as in this case, uninsured motorist provisions contain an "other insurance" clause. The "other insurance" clauses in the automobile insurance policies here involved provide:

"With respect to bodily injury to an insured sustained while occupying an automobile or through being struck by an uninsured automobile, if such insured is a named insured under other similar insurance available to him, then the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Exchange shall not be liable under this coverage for a greater proportion of the applicable limit of liability of this coverage than such limit bears to the sum of the applicable limits of liability of this insurance and such other insurance.

"Subject to the foregoing paragraph, if the insured has other similar insurance available to him against a loss covered by this coverage, the Exchange shall not be liable under this coverage for a greater proportion of such loss than the applicable limit of liability hereunto bears to the total applicable limits of liability of all valid and collectible insurance against such loss."

It must be determined whether such a clause precludes the defendant from recovering on behalf

[2] See MCL 500.3101 et seq.; MSA 24.13101 et seq.

of her daughter under the policy issued by the plaintiff.

"Stacking" refers to the ability of the insured, when covered by more than one policy, to obtain benefits from a second policy on the same claim when recovery from the first policy alone would be inadequate. *Blakeslee v Farm Bureau Mutual Ins Co of Michigan,* 388 Mich 464, 473; 201 NW2d 786 (1972).

The instant case involves a single insurer which issued multiple insurance policies. With respect to such a factual setting, different panels of this Court had, *at the time of the arbitration award in the instant case,* reached opposite conclusions as to the permissibility of "stacking". Compare *Kozak v Detroit Automobile Inter-Ins Exchange,* 79 Mich App 777; 262 NW2d 904 (1977), wherein stacking was precluded, with *Fletcher v Aetna Casualty & Surety Co,* 80 Mich App 439; 264 NW2d 19 (1978), *lv gtd* 402 Mich 950s (1978), wherein stacking was permitted.

Due to the unsettled nature of the Michigan law at the time of the arbitration award, we hold that the arbitrators' decision to permit stacking does not evidence a manifest disregard of the law.[3] *Detroit Automobile Inter-Ins Exchange v Ayvazian, supra.* The arbitrators cannot be said to have exceeded their powers in failing to give the other insurance clause its literal effect. See *Lotoszinski v State Farm Mutual Automobile Ins Co, supra, Detroit Automobile Inter-Ins Exchange v Standfest, supra.*

---

[3] Were we to examine this case *de novo* we would likely affirm the arbitrators' ruling that the "other insurance" clause would not preclude stacking. See *Detroit Automobile Inter-Ins Exchange v Curl,* 82 Mich App 140, 142; 266 NW2d 479 (1978), citing the dissenting opinion in *Kozak v Detroit Automobile Inter-Ins Exchange,* 79 Mich App 777; 262 NW2d 904 (1977).

The plaintiff next contends that the arbitration panel exceeded its power in failing to apply the "exclusion" clause in the defendant's insurance policy so as to preclude recovery under that policy.

The "exclusion" clause in defendant's policy reads in pertinent part:

"The insurance afforded by this [uninsured motorist] coverage does not apply: (1) to bodily injury to an insured sustained while occupying any automobile, other than an owned automobile, except a non-owned automobile to which there is applicable and available to such an insured no insurance similar to that afforded by this coverage."

The "exclusion" clause, thus, excludes uninsured motorist coverage unless the injured party was occupying a nonowned, uninsured automobile.

A nonowned automobile is defined in the defendant's policy as:

" '[N]on-owned automobile' means any automobile * * * not owned by * * * [a] relative or other resident of the same household of such named insured."

It is undisputed that the automobile which Tamara McMillan was occupying at the time of the accident was owned by her grandfather and that Tamara and her mother resided with her grandfather. Thus, pursuant to the contractual definition, the grandfather's car was not a nonowned automobile for the reason that it was owned by a relative of the same household as the named insured. Under these facts, the "exclusion" clause does apply and the defendant is excluded from uninsured motorist benefits under the terms of her mother's insurance contract. See *Detroit Automo-*

*bile Inter-Ins Exchange v Reynolds,* 81 Mich App 710; 265 NW2d 799 (1978).

The question becomes whether the arbitrator's failure to properly apply the "exclusion" clause to preclude recovery under the mother's policy constitutes a clear error of law so as to support vacation or modification of the award. The answer is that it does not. At the time of the award, this Court had addressed and decided the precise issue in but one case. *Detroit Automobile Inter-Ins Exchange v Reynolds, supra.* However, at the same time, there existed in this Court a split of authority as to the validity of such an exclusion clause prior to the repeal of statutorily required uninsured motorist coverage. See footnote 2, *supra.* Compare *Rice v Detroit Automobile Inter-Ins Exchange,* 66 Mich App 600; 239 NW2d 675 (1976), *Priestly v Secretary of State,* 67 Mich App 96; 240 NW2d 282 (1976), and *Nunley v Turner,* 57 Mich App 473; 226 NW2d 528 (1975), with *Hickman v Community Service Ins Co,* 78 Mich App 1; 259 NW2d 367 (1977), *Bradley v Mid-Century Ins Co,* 78 Mich App 67; 259 NW2d 378 (1977), and *Ellis v State Farm Ins Co,* 78 Mich App 189; 259 NW2d 421 (1977). Though these cases are distinguishable from *Reynolds* and the present case, they are so close as to have rendered the state of the relevant law somewhat unsettled at the time of the arbitration award. Accordingly, we hold that the arbitrator's failure to apply the "exclusionary" clause constitutes a mere error in the interpretation of the law. *Detroit Automobile Inter-Ins Exchange v Ayvazian, supra.* The arbitrators cannot be said to have exceeded their powers in failing to give the "exclusion" clause its proper effect.

Lastly, we note that defendant again attempts to raise those issues which were found to be without

merit in the Court of Appeals' orders disposing of defendant's motions to "dismiss". We shall not consider defendant's contentions in these respects since defendant has not filed a cross-appeal with this Court, as required by GCR 1963, 807.1. See *Sabbe v Wayne County,* 322 Mich 501, 505; 33 NW2d 921 (1948), *Therrian v General Laboratories, Inc,* 372 Mich 487, 490; 127 NW2d 319 (1964), *Huey v Campbell, Wyant & Cannon Foundry Co,* 55 Mich App 227, 233; 222 NW2d 191 (1974), *aff'd in part* 395 Mich 169; 235 NW2d 545 (1975).

Affirmed.