BILL v ALLSTATE INSURANCE COMPANY

Docket Nos. 53884, 54385. Submitted June 5, 1981, at Lansing.— Decided September 8, 1981.

Earl D. Bill was insured by Allstate Insurance Company under one insurance policy which covered the five automobiles that he owned. Bill paid five separate premiums and five separate certificates of insurance were issued to him, each certificate providing for uninsured motorist protection in the amount of $20,000 per claim and $40,000 per accident. On May 20, 1973, Bill's minor daughter, Christie M. Bill, was killed while a guest passenger in a vehicle owned and driven by Edward C. Fryer when that vehicle was struck by a vehicle owned and driven by Frank R. Hutchins, an uninsured motorist. Bill, individually and as administrator of the estate of Christie M. Bill, brought an action for declaratory judgment in Livingston Circuit Court to determine whether the uninsured motorist coverage on the five certificates could be "stacked" for a total of $100,000 of coverage. The Secretary of State intervened as an additional party plaintiff, maintaining the same position as Bill. Paul R. Mahinske, J., entered an order holding that the insurance coverage could not be stacked. The plaintiffs both appeal. The Court of Appeals consolidated the appeals. *Held:*

Bill is entitled to "stack" the uninsured motorist coverage which he was required to carry on his five vehicles since the amendment to the statute which made carrying the coverage voluntary and bars such stacking did not become effective until October 1, 1973. Bill was required to pay uninsured motorist coverage premiums on each of his five automobiles on May 20, 1973, the date of the accident, and, therefore, may recover with respect to each of the vehicles for which uninsured motorist coverage premiums were paid.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTE

[1] 7 Am Jur 2d, Automobile Insurance §§ 292, 326-329, 368.
    Uninsured motorist insurance: validity and construction of "other insurance" provision. 28 ALR3d 551.

INSURANCE — NO-FAULT INSURANCE — UNINSURED MOTORISTS —
    STACKING — STATUTES.
    Insurance benefits may be "stacked" where an insured is required
    to pay separate uninsured motorist coverage premiums on
    more than one vehicle insured under a single policy; insurance
    benefits cannot be "stacked" where the insured voluntarily
    purchases uninsured motorist coverage in a no-fault insurance
    policy effective on or after October 1, 1973, the date after which
    uninsured motorist coverage protection was no longer required
    to be carried (MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

*Paul V. Gadola,* for plaintiff Bill.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Joseph B. Bilitzke* and *Edgar L. Church, Jr.,* Assistants Attorney General, for the Secretary of State.

*Reid, Reid & Mackay, P.C.,* for defendant.

Before: BEASLEY, P.J., and M. J. KELLY and N. A. BAGULEY,* JJ.

PER CURIAM. On May 20, 1973, plaintiff Earl D. Bill's decedent, his minor daughter Christie M. Bill, was fatally injured while a guest passenger in a vehicle owned and driven by Edward Charles Fryer, when that vehicle was struck by a vehicle owned and driven by Frank Robert Hutchins, an uninsured motorist. At that time, plaintiff Bill was insured by defendant, Allstate Insurance Company, under one insurance policy which covered five automobiles owned by Bill. Five separate premiums were paid and five separate certificates of insurance were issued to him, each certificate providing for uninsured motorist protection in the amount of $20,000 per claim and $40,000 per accident. The decedent was a member of plaintiff

* Circuit judge, sitting on the Court of Appeals by assignment.

Bill's household and was, therefore, an insured party under the policy of insurance.

Plaintiff Bill brought a declaratory judgment action to determine whether the uninsured motorist coverage on the five certificates could be "stacked" for a total of $100,000.[1] The Secretary of State intervened in this action as an additional party plaintiff, maintaining the same position as plaintiff Bill.

On April 28, 1980, the trial court issued an opinion ruling that there could be no stacking of benefits. Prior to the entry of an order pursuant to the opinion, a motion for rehearing was filed based on the decision of the Supreme Court in *Bradley v Mid-Century Ins Co.*[2]

On September 9, 1980, the trial court issued an order holding that the insurance coverage could not be "stacked" and that the maximum coverage available was $20,000. Plaintiffs appeal as of right.

*Bradley, supra,* held that benefits could be "stacked" where an insured was *required* to pay separate uninsured motorist premiums on more than one vehicle insured under a single policy. The Court stated:

"We conclude that an insurer may not collect an uninsured motorist premium for statutorily required uninsured motorist coverage for more than one vehicle and yet limit its liability to that which would arise if there were only one vehicle and one premium paid. A different result is not justified where the vehicles are insured and the premiums paid under one policy rather than multiple policies."[3] (Footnote omitted.)

---

[1] Plaintiff Bill had recovered the maximum uninsured motorist coverage on behalf of his daughter's estate from Mr. Fryer's insurer.

[2] 409 Mich 1; 294 NW2d 141 (1980).

[3] *Bradley, supra,* 45.

Benefits could not be "stacked", however, where the insured *voluntarily* purchased uninsured motorist coverage in a no-fault insurance policy effective on or after October 1, 1973, the date of repeal of the uninsured motorist amendment.[4]

The disposition of the present case turns on whether plaintiff Bill was required to pay uninsured motorist premiums on each of his five automobiles on May 20, 1973. Defendant alleges that the Supreme Court was in error when it concluded that the uninsured motorist amendment, which required that each policy of insurance include uninsured motorist coverage, was repealed on October 1, 1973. Defendant contends that this amendment was repealed on January 9, 1973, prior to the accident involved here. It relies on the Michigan Statutes annotated note (1981 Cum Supp), which states:

"§ 24.13010] (Repealed by Pub Acts 1972, No. 345, imd eff January 9, 1973. This section established requirements as to the provisions and contents of automobile liability policies.)"

Reference to the official, bound volume of the Public Acts[5] reveals that defendant's contention that the uninsured motorist amendment was repealed on January 9, 1973, is incorrect. Public Act No. 345 of 1972 states in relevant part:

---

[4] *Bradley, supra,* 48. MCL 500.3010; MSA 24.13010.

[5] Public and Local Acts of the Legislature of the State of Michigan Passed at the Regular Session of 1972. The bound volumes of the Public Acts, compiled by the Legislative Service Bureau and published by the Department of Management and Budget, are published and distributed pursuant to constitutional mandate. Const 1963, art 4, § 35. The form of the printing of these volumes is regulated by MCL 24.1; MSA 4.321. While all laws are free for publication by any person under § 35 of the 1963 Michigan Constitution, where a discrepancy exists between an original law and a printed copy, the former governs. *Hulburt v Merriam,* 3 Mich 144, 153 (1854).

"Repeals.

"Section 2. Sections 3010 and 3011 of Act No. 218 of the Public Acts of 1956, as amended, being sections 500.3010 and 500.3011 of the Compiled Laws of 1948, are repealed effective on October 1, 1973.

"This act is ordered to take immediate effect.

"Approved January 9, 1973."


While Public Act No. 345 of 1972 took immediate effect on January 9, 1973, it made the repeal of the required uninsured motorist coverage effective October 1, 1973, the same date that the no-fault insurance act[6] became effective.

Accordingly, we find that plaintiff Bill is entitled to "stack" the required uninsured motorist coverage on his five vehicles.

Reversed and remanded.

---

[6] 1972 PA 294. MCL 500.3101; MSA 24.13101. The language in *Detroit Automobile Inter-Ins Exchange v McMillan*, 97 Mich App 687, 692; 296 NW2d 147 (1980), although unnecessary to decision in that case, is misleading with respect to the date of repeal.